■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CRUZ, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey Atlas, J., at hearing and trial) rendered April 16, 1990, convicting defendant after jury trial of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 3 to 9 years, unanimously affirmed.

On the evening of July 3, 1989, defendant indicated an interest in buying fireworks from the victim. At defendant's suggestion, the victim entered defendant's car, and they drove for a couple of blocks, at which point defendant held up the victim at gunpoint, stealing four folded twenty dollar bills, and some fireworks. The victim immediately alerted the police, and defendant was apprehended at a red light a couple of blocks away. After the victim identified defendant, defendant explicitly denied ever having seen' the victim before. Subsequently, a bystander informed the police that he had observed defendant discard the gun into nearby bushes, and directed police to the location, where the gun was recovered. Four folded twenty dollar bills were recovered from defendant.

At the precinct, defendant received his *Miranda* warnings, but did not make a statement. On the following day, defendant acknowledged and waived his *Miranda* rights, and provided an exculpatory handwritten statement, which was inconsistent with his exculpatory statement at the scene of the crime. The prosecutor referred to these inconsistent exculpatory statements during the opening, and testimony of such was elicited during the People's direct case.

For the most part, defendant never objected on the basis that the prosecutor improperly referred to defendant's post-arrest silence, thereby waiving the claim for review as a matter of law *(People v Williams,* 165 AD2d 747, 748, *lv denied* 76 NY2d 992). A police officer's testimony that defendant made no statement after first being given a *Miranda* warning elicited a general objection from counsel. The court's submission of a no adverse inference instruction, with counsel's consent, neither elicited counsel's exception, nor a request for further curative relief, thereby waiving that claim as a matter of law *(People v Medina,* 53 NY2d 951, 953). We

decline to review in the interest of justice. Defendant mischaracterizes the issue as involving the improper use of his post-arrest silence. Rather, he made post-arrest statements which were both exculpatory and inconsistent. Such statements by defendant established the predicate for his impeachment by the People. *(People v Savage,* 50 NY2d 673, 678, *cert denied* 449 US 1016.)

Finally, we find no reason to disturb the sentencing court's exercise of discretion. Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.