■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD OTERO, Appellant. [639 NYS2d 819]

Defendant's claim that the prosecutor should not have been permitted to question him about his pre-arrest silence is unpreserved by his general objection (*People v Cruz*, 177 AD2d 363). In any event, the prosecutor properly inquired into defendant's silence since it was first brought out on direct examination (*People v Lewis*, 177 AD2d 421, *lv denied* 79 NY2d 949; *People v Punter*, 222 AD2d 242). Moreover, defendant did not remain silent, but rather stated prior to his arrest that he did not have a gun (*People v Cruz, supra*; *People v Mayers*, 100 AD2d 558).

Defendant's claim of error regarding the prosecutor's question of an alibi witness as to whether she had advised the police of defendant's alibi was not preserved, since the only objection was by counsel for codefendant (*People v Buckley*, 75 NY2d 843, 846). In any event, the question was proper because of the close friendship between defendant's family and that of the alibi witness, such that the witness's natural inclination would be to come forward with the information at the earliest possible moment (*People v Dawson*, 50 NY2d 311, 318; *People v Knight*, 80 NY2d 845, 847). Additionally, since defense counsel had brought out on direct examination that the alibi witness told defendant's brother of the alibi shortly after the arrest, the door was opened to further inquiry (*People v Timmons*, 149 AD2d 746, *lv denied* 74 NY2d 748).

The People concede that the two counts of attempted murder in the second degree upon which defendant was convicted are inclusory concurrent counts of the two convictions of attempted murder in the first degree. Those inclusory concurrent convictions and the sentences imposed thereon are accordingly vacated (CPL 300.40 [3] [b]). We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.