(July 14, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. HARP, Appellant. [798 NYS2d 235]—

Rose, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered February 22, 2002, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child (two counts).

After trial, a jury convicted defendant of two counts of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child, one count of each charge for each of his two stepdaughters. County Court sentenced defendant to two consecutive seven-year prison terms on the sexual conduct charges and a five-year period of postrelease supervision. Defendant appeals.

We turn first to defendant's contention that the verdict was not supported by legally sufficient evidence because the People did not present proof of the specific dates of each individual act of sexual contact. We disagree. In order to establish the charges of course of sexual conduct against a child in the second degree,

the People were required to prove that "over a period of time not less than three months in duration . . . [defendant] engage[d] in two or more acts of sexual conduct with a child less than eleven years old" (Penal Law § 130.80 [1] [a]). Significantly, defendant does not challenge the sufficiency of the evidence meeting the three-month requirement. As to each individual act, the usual requirements of specificity in alleging and proving dates and times do not apply (*see People v Green*, 17 AD3d 1076, 1077 [2005]; *People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]; Governor's Mem approving L 1996, ch 122 [enacting Penal Law §§ 130.70, 130.80], 1996 NY Legis Ann, at 99).

Here, the People's witnesses established that, on numerous occasions between April 1998 and January 2001 as to the younger victim and between August 1, 1996 and July 29, 1997 as to the older victim, defendant rubbed his penis on the victim's vagina. This evidence was legally sufficient and, although defendant denied the alleged sexual contacts, there is no reason to set aside the jury's assessment of credibility and its resolution of the conflicting evidence (*see People v Smith*, 272 AD2d 713, 715-716 [2000], *lv denied* 95 NY2d 871 [2000]; *see also People v Fish*, 240 AD2d 866, 868-869 [1997], *lv denied* 90 NY2d 1011 [1997]).

Nor is the verdict against the weight of the evidence. Viewing the evidence in a neutral light and with due deference to the jury's resolution of credibility issues, we find that the victims' compelling testimony was given the weight it should be accorded. Any inconsistencies or vagueness regarding dates, times and details of the victims' encounters with defendant did not render their testimony incredible as a matter of law, and we find no basis upon which to disturb the jury's resolution of these credibility issues (*see People v Campbell*, 17 AD3d 925, 926 [2005]; *People v Oglesby*, 12 AD3d 857, 860-861 [2004]; *People v Nailor*, 268 AD2d 695, 698 [2000]).

Next, County Court did not abuse its discretion in denying defendant's motion for a mistrial based upon the emotional outbursts on three occasions by his older stepdaughter in the presence of the jury and her audible cries as she left the courtroom (*see People v Butler*, 214 AD2d 1014, 1015 [1995], *lvs denied* 86 NY2d 791 [1995], 89 NY2d 920 [1996]). We note that the victim's outbursts were not unreasonable given the substance of her testimony, the recesses taken were brief and, following the last outburst, County Court gave explicit curative instructions to the jury (*see People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]).

With respect to defendant's conviction of endangering the welfare of a child on count seven of the indictment, however, we agree with defendant that this is an inclusory concurrent count of course of sexual conduct against a child in the second degree as charged in count four of the indictment. Since both counts alleged the same conduct by defendant, it would be impossible for that conduct to constitute course of sexual conduct against a child in the second degree without also constituting endangering the welfare of a child (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Bailey*, 295 AD2d 632, 635 [2002], *lv denied* 98 NY2d 766 [2002]). Defendant's conviction on count seven, therefore, must be reversed and the charge dismissed.

We also agree with defendant's argument that County Court erred in imposing a five-year period of postrelease supervision, as opposed to a three-year period. Since defendant was convicted of two class D violent felonies, a three-year period should have been imposed on each of the two counts pursuant to Penal Law § 70.45 (2) (*see People v Serrano*, 309 AD2d 822, 823 [2003], *lv denied* 1 NY3d 580 [2003]; *People v Babcock*, 304 AD2d 912, 913 [2003]), with the periods merging into a single three-year period as provided in Penal Law § 70.45 (5) (c).

Defendant's remaining arguments, including those made in his pro se brief, have been considered and found to be either unpreserved or unpersuasive.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing (1) defendant's conviction of endangering the welfare of a child under count seven of the indictment dismissed, and (2) so much thereof as imposed upon defendant a five-year period of postrelease supervision; count seven dismissed, sentence vacated to said extent and a three-year period of postrelease supervision is imposed; and, as so modified, affirmed.