■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. JOHNSON, Appellant. [805 NYS2d 696]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered May 2, 2003, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the second degree, and (2) by permission, from an order of said court, entered March 11, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was convicted following a jury trial of course of sexual conduct against a child in the second degree, a class D felony, and sentenced as a persistent violent felony offender to 20 years to life. The victim, his 10-year-old granddaughter, the principal witness for the prosecution at trial, testified that between Christmas 2001 and Easter 2002, defendant, on five sep-

arate occasions, put his hand down her underwear and rubbed her genitals and chest. Subsequent to conviction, defendant made a pro se motion pursuant to CPL 440.10 claiming that the sole count of the indictment was duplicitous or, alternatively, insufficiently detailed to afford an adequate opportunity to present a defense. County Court denied this motion and defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

We affirm. Initially, we reject defendant's contention that the indictment was duplicitous or not sufficiently detailed because it lacked particularity regarding the dates upon which the alleged sexual conduct occurred. Although the notice of specificity requirements in CPL 200.50 are designed to give defendant fair notice of the dates upon which the alleged crime occurred so that he may prepare his defense, such requirements are relaxed where, as here, the charge involves a "continuing crime" (*People v Colf*, 286 AD2d 888, 888-889 [2001], *lv denied* 97 NY2d 655 [2001]). Moreover, the inability of the victim to give specific dates and times regarding the alleged sexual conduct was adequately established and we observe no prejudice to defendant's ability to defend arising from the lack of specificity in the indictment.

Next, we are unpersuaded that the verdict was not supported by legally sufficient evidence as a result of the inability of the victim to testify as to particular dates and times. Viewing the evidence in the light most favorable to the People, we find that the jury could properly credit the testimony of the victim and thereby conclude that each and every element of the crime charged was proven beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *People v Bleakley*, 69 NY2d 490, 494 [1987]; *People v Black*, 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]). Likewise, we find no support for defendant's assertion that the verdict was against the weight of the evidence. It is the jury's function to resolve inconsistencies present in the evidence and to determine which evidence it will credit. Jury resolution of credibility issues, particularly those involving sex-related conduct with a victim of tender years who may have difficulty recalling precise dates and times of the acts, will not be disturbed absent manifest error (*see People v Doherty*, 305 AD2d 867, 868 [2003], *lv denied* 100 NY2d 580 [2003]). Thus, viewing the evidence before the jury in a neutral light and giving appropriate deference to the jury's obvious resolution of credibility issues, we conclude that the verdict is in accord with the weight of the evidence (*see People v Long*, 307 AD2d 647, 649 [2003]).

Following a *Sandoval* hearing, the People were authorized to cross-examine defendant should he take the stand regarding three prior convictions. The trial court makes such determinations through the exercise of its discretion after appropriately balancing the probative value of the prior convictions as they relate to the defendant's credibility against the risk of unfair prejudice to the defendant (*see People v Long*, 269 AD2d 694, 695 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Brace*, 259 AD2d 782, 783 [1999], *lv denied* 93 NY2d 1014 [1999]). Here, we find no abuse of discretion. Notably, the People were allowed to use only three of defendant's 20 prior convictions which span a period of approximately 30 years. Each one of the three demonstrates defendant's dishonesty and a propensity to place his own interests above those of society in general (*see People v Clarke [Bo]*, 5 AD3d 807, 809 [2004], *lvs denied* 2 NY3d 796, 797 [2004]; *People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]). Under these circumstances, defendant has no legitimate basis upon which to challenge the *Sandoval* ruling.

Defendant attacks his sentence as a persistent violent felony offender, contending that the procedures mandated by the Criminal Procedure Law were not followed and that the sentence procedure is infirm under *Apprendi v New Jersey* (530 US 466 [2000]) since the facts upon which the enhanced sentence was based were not proven before a jury beyond a reasonable doubt. The People must file a statement detailing the predicate felonies and a copy of the statement must be given to defendant who must be advised of his right to a hearing to contest the allegations regarding those convictions and be informed of the consequences of being found to be a persistent violent felony offender (*see* CPL 400.15, 400.16). Here, defendant was provided with such a statement several months prior to sentencing and he was required to advise County Court in writing regarding his desire to contest the allegations. Moreover, defendant was given ample time to investigate the allegations and expressly stated to the court prior to the predicate felony finding and imposition of sentence that he had no objection to and agreed with the predicate offender statement. Under these circumstances, we find defendant's attack on the sentence to be without merit (*see People v Brown*, 252 AD2d 835, 837 [1998], *lv denied* 92 NY2d 923 [1998]; *People v Polanco*, 232 AD2d 674, 675 [1996]). Nor are we convinced that defendant's sentence as a persistent violent felony offender is infirm under *Apprendi v New Jersey (supra)*. Since a finding of persistent felony offender is predicated only on the existence of convictions for two or more felonies for which a sentence of over one year was imposed, no factfinding is

necessary (*see People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]). Although defendant argues that *Rosen* was improperly decided, it constitutes binding precedent (*see People v Rivera*, 5 NY3d 61, 63 [2005], *cert denied* — US —, 126 S Ct 564 [2005]).

Finally, we have considered defendant's remaining contentions and find each to be without merit. A prosecutor may properly use leading questions in the direct examination of a witness where, such as here, a child victim is apparently unwilling to testify freely (*see People v Cuttler*, 270 AD2d 654, 655 [2000], *lv denied* 95 NY2d 795 [2000]). The failure of defendant's attorney to object to the use of leading questions or to seek dismissal of the indictment as duplicitous does not render his assistance ineffective as there exists no duty to assert a meritless argument. After reviewing the record, we find that an objective evaluation of counsel's performance at trial reveals reasonable competence and meaningful representation (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]; *People v Wright*, 297 AD2d 875, 875 [2002]).

Lastly, defendant's motion pursuant to CPL 440.10 was properly denied since the issues raised can be—and have been—resolved on direct appeal (*see* CPL 440.10 [2]; *People v Saunders*, 301 AD2d 869, 870-871 [2003], *lv denied* 100 NY2d 542 [2003]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.