■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYMAN JUDKINS, Appellant. [840 NYS2d 159]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 22, 2005 in Albany County, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the second degree and endangering the welfare of a child.

Defendant was charged with the crimes of course of sexual conduct against a child in the second degree and endangering the welfare of a child for allegedly engaging in sexual contact with the victim, a child under 11 years of age, between August 1, 2003 and June 30, 2004, when defendant was reportedly staying at the residence of the victim and her mother. Following a jury trial, defendant was convicted of the charged crimes and was sentenced, as a second felony offender, to concurrent prison terms of seven years for course of sexual conduct against a child and one year for endangering the welfare of a child.

Initially, we are unpersuaded by defendant's argument that inconsistencies or vagueness in the testimonial proof regarding the time period that defendant supposedly resided with the victim rendered the evidence legally insufficient as to the three-month durational element required for a conviction of course of

sexual conduct against a child in the second degree (*see* Penal Law § 130.80 [1]). Notably, to convict defendant of that crime, the People were required to prove that "over a period of time not less than three months in duration [defendant] engage[d] in two or more acts of sexual conduct with a child less than eleven years old" (Penal Law § 130.80 [1] [a]; *see People v Weber,* 25 AD3d 919, 920 [2006], *lv denied* 6 NY3d 839 [2006]; *People v Harp,* 20 AD3d 672, 672-673 [2005], *lv denied* 5 NY3d 852 [2005]; *see also* Penal Law § 130.00 [3], [10]).

Here, the victim and her mother both testified that defendant moved into their apartment sometime in the summer of 2003 and moved out by the end of June 2004. The victim further testified that, during that time period, defendant regularly touched her breasts and private parts and, on one occasion, caused her to touch his penis. Moreover, although defendant denied sexual contact with the victim and claimed that he lived at the apartment sometime in 2004 for only a little over two months, he could not recall the month that he began living there and admitted it was possible that he moved into the apartment during the summer of 2003. Thus, despite the fact that, at various times, the victim and her mother had difficulty pinpointing the exact period that defendant resided in their apartment (*see People v Johnson,* 24 AD3d 967, 968 [2005], *lv denied* 6 NY3d 814 [2006]), we find "no reason to set aside the jury's assessment of credibility and its resolution of the conflicting evidence" (*People v Harp, supra* at 673). Viewing the testimony in the light most favorable to the People, there was clearly a valid line of reasoning upon which the jury could find defendant guilty of second degree course of sexual conduct against a child (*see People v Bleakley,* 69 NY2d 490, 494-495 [1987]; *People v Albanese,* 38 AD3d 1015, 1016-1017 [2007]; *People v Johnson, supra* at 968; *People v Harp, supra* at 673).

Nor do we agree with defendant's further argument that the verdict was against the weight of the evidence. Defendant maintains that the verdict cannot be sustained because the medical evidence controverted the victim's testimony regarding defendant's digital penetration. Although it is true that the pediatric nurse practitioner who medically examined the victim stated that the victim's hymen was intact and there was no bruising or tearing, she also asserted that her findings were consistent with the victim's medical history and description of the sexual contact. Notably, the victim testified that defendant placed his fingers inside her vagina but she could not tell how far and that, significantly, she never bled as a result of defendant's actions. Viewing the evidence in a neutral light, ac-

cording deference to the jury's credibility determinations and its ability to resolve inconsistent and conflicting testimony, the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 494-495; *People v Johnson, supra* at 968; *People v Harp, supra* at 673).

The remaining arguments raised by defendant have been examined and found to be unpersuasive.

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.