■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ROSA, Appellant. [868 NYS2d 812]—

Cardona, P.J.

Defendant was charged in a four-count indictment with two counts of course of sexual conduct against a child in the second degree, endangering the welfare of a child and criminal possession of a weapon in the third degree. The sexual misconduct charges stemmed from defendant's alleged sexual conduct with the victim (born in 1991) between January 1, 1999 and June 30, 2002. Although defendant was initially sentenced to concurrent terms of five years in prison pursuant to his plea of guilty to one count of course of sexual conduct against a child in the second degree and criminal possession of a weapon in the third degree, on appeal this Court vacated that plea and remitted the matter (30 AD3d 905 [2006], *lv denied* 7 NY3d 851 [2006]).[1] Following a nonjury trial in Supreme Court, defendant was convicted of course of sexual conduct against a child in the second degree and endangering the welfare of a child.[2] He was sentenced, as a second felony offender, to an aggregate prison term of seven years followed by three years of postrelease supervision.

On this appeal, defendant contends that the verdict was against the weight of the evidence due to the victim's alleged inconsistent and uncorroborated testimony. Issues of credibility and the weight to accord testimony are matters to be resolved by the trier of fact, who is free to accept or reject any part of the testimony presented (*see People v Alteri*, 49 AD3d 918, 920 [2008]; *People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]). Here, the victim testified that on numerous occasions while defendant resided with the victim and her family, he would enter her bedroom late at night while her mother was at work, hold her hands above her head and forc-

---

1. Upon remittal, defendant again pleaded guilty to course of sexual conduct against a child in the second degree but he withdrew that plea when it was discovered that the agreed-upon sentence was unlawful.

2. The weapon possession charge and first count of course of sexual conduct against a child were dismissed.

ibly engage in sexual intercourse. The victim, who did not report the alleged sexual abuse until a year after it had stopped, testified that defendant threatened to harm her mother and infant brother if she told anyone. The victim's mother testified that while she worked the night shift defendant often supervised the victim, and the victim's academic performance suffered inexplicably during that period. Although the sexual assault nurse examiner who examined the victim was unable to determine whether the observed genital injury was caused by sexual abuse, the nurse reported that her observations and findings of the examination were consistent with the victim's claimed history of abuse.

Contrary to defendant's contention, we find nothing incredible about the victim's testimony and find no basis to disturb the credibility assessment of Supreme Court, who was able to hear the victim's testimony and observe her demeanor (*see People v Nowinski*, 36 AD3d 1082, 1084 [2007], *lv denied* 8 NY3d 989 [2007]). According deference to those credibility determinations and viewing the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Judkins*, 41 AD3d 1046, 1047-1048 [2007], *lv denied* 9 NY3d 962 [2007]; *People v Johnson*, 24 AD3d 967, 968 [2005], *lv denied* 6 NY3d 814 [2006]). Furthermore, we find no violation of defendant's right to confrontation due to testimony from the victim's mother—initially elicited on cross-examination—regarding the victim's declining academic performance during the period in question.

Finally, we are unpersuaded by defendant's contention that the sentence imposed by Supreme Court following the nonjury trial was vindictive simply because that sentence was greater than the agreed-upon sentence imposed upon his initial guilty plea (*see People v Miller*, 65 NY2d 502, 509 [1985], *cert denied* 474 US 951 [1985]).

Peters, Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.