■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDAL E. STEWART, Appellant. [874 NYS2d 311]—

Malone Jr., J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered November 27, 2007, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the second degree.

In November 2006, defendant's four-year-old daughter described to her babysitter a game that she had played with her father, called the "belly bunker" game. The game consisted of defendant pulling down his pants and his daughter masturbating defendant's penis. As a result of this disclosure, defendant was charged in an indictment with the crime of course of sexual conduct against a child in the second degree encompassing sexual acts occurring between January 2004 and October 2006. During a police interrogation, defendant gave a written confession to the crime after waiving his *Miranda* rights. The confession was deemed admissible at trial following a *Huntley* hearing. A jury trial ensued, resulting in defendant's conviction of

the crime charged. He was thereafter sentenced to six years in prison, to be followed by three years of postrelease supervision. He now appeals.

Defendant initially contends that the verdict is not supported by legally sufficient evidence insofar as there is inadequate proof that the alleged sexual acts occurred "(over a period of time) not less than three months in duration" as is required for the crime at issue (Penal Law § 130.80 [1]) or that defendant was the person who committed the crime. Preliminarily, we note that "[t]he standard of review on a challenge for legal sufficiency is whether 'viewed in the light most favorable to the People, there exists a valid line of reasoning and permissible inferences from which a rational juror could conclude that each of the elements of the subject charges upon which defendant was convicted were established beyond a reasonable doubt' " (*People v Alteri*, 49 AD3d 918, 919 [2008], quoting *People v Richardson*, 28 AD3d 1002, 1004 [2006], *lv denied* 7 NY3d 817 [2006]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, "[i]n order to establish the charges of course of sexual conduct against a child in the second degree, the People were required to prove that 'over a period of time not less than three months in duration . . . [defendant] engage[d] in two or more acts of sexual conduct with a child less than eleven years old' " (*People v Harp*, 20 AD3d 672, 672-673 [2005], *lv denied* 5 NY3d 852 [2005], quoting Penal Law § 130.80 [1] [a]; *see People v Judkins*, 41 AD3d 1046, 1047 [2007], *lv denied* 9 NY3d 962 [2007]).

Turning to the evidence presented at trial, defendant gave an admissible written confession in December 2006 detailing the times that he had sexual contact with the child going back two years. He described at least three incidents when he had his daughter touch his penis, under the guise of playing the belly bunker game, the last of which occurred in October 2006. His statement clearly established the time frame of the events and that the sexual conduct occurred over the course of nearly two years. Defendant's confession was sufficiently corroborated by the testimony of the child (*see* CPL 60.50). She related that she played the belly bunker game with her father from the time that she was three years old until he left the house, which other evidence established was when he went to Texas for air national guard training in October 2006. Although the child initially testified that she played the belly bunker game 160 times, she later stated that it was 100 times, more than the number of fingers she could hold up. Viewed in the light most favorable to the People, we find that legally sufficient evidence was presented from which a rational juror could conclude that the

sexual conduct occurred for the necessary duration of time to satisfy the elements of the crime of course of sexual conduct against a child in the second degree.

Likewise, we are unpersuaded by defendant's contention that there was insufficient evidence of his commission of the crime because his daughter could not properly identify him at trial. Although the child, at some points during her testimony, expressed uncertainty about whether her father was present in the courtroom, the child's mother testified that defendant had gained weight and that his appearance had changed significantly since he had left for Texas nearly a year earlier. Nevertheless, the child indicated that her father was the only person with whom she played the belly bunker game and she clearly identified him in the courtroom at the conclusion of her testimony. Therefore, we find that there was legally sufficient evidence implicating defendant as the perpetrator of the crime.

Defendant next contends that the jury's verdict is against the weight of the evidence. In undertaking this inquiry, this Court must review the evidence and, "[i]f based on all the credible evidence a different finding would not have been unreasonable, then [this Court] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Upon doing so, "[i]f it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then [this Court] may set aside the verdict" (*People v Bleakley*, 69 NY2d at 495).

We have reviewed the evidence presented, including the testimony of the child, her mother, the babysitter and that of the police investigator who took defendant's written confession, and have weighed it against defendant's testimony, as well as that of his two character witnesses. Viewing it in a neutral light and giving deference to the jury's assessment of witness credibility, we cannot say that the jury failed to properly accord the evidence the proper weight (*see People v Rosa*, 57 AD3d 1018, 1020 [2008]; *People v Judkins*, 41 AD3d at 1047-1048). Consequently, we do not find that the jury's verdict is against the weight of the evidence.

Lastly, we find no merit to defendant's argument that the sentence is harsh and excessive. Notwithstanding defendant's lack of criminal history, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence (*see People v Hicks*, 55 AD3d 1138, 1142 [2008]), particularly in view of the disturbing nature of defendant's ac-

tions in which he essentially robbed his young daughter of her innocence. Accordingly, the judgment is affirmed.

Mercure, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.