■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. SANTIAGO, Appellant. [987 NYS2d 692]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered December 20, 2012, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the second degree (two counts).

Based on allegations by two victims (half sisters born in 1994 and 1995) that defendant had subjected them to sexual contact

on multiple occasions, he was charged with, among other things, two counts of the crime of course of sexual conduct against a child in the second degree. The amended indictment's first renumbered count alleged that defendant's conduct against victim A occurred between 2001 and 2006, and the second count alleged that the conduct against victim B occurred between 2001 and 2008. Defendant was also charged with sexual abuse in the third degree and endangering the welfare of a child based on a 2011 incident regarding victim B. Following a jury trial, defendant was convicted of only the two counts of course of sexual conduct against a child in the second degree, and County Court sentenced him to consecutive four-year prison terms, with 10 years of postrelease supervision. He now appeals.

Defendant challenges the legal sufficiency of the evidence supporting the conviction with respect to the count alleging a course of sexual conduct against victim A. This argument, however, is unpreserved for our review because, even though defendant made a specific motion to dismiss this count at the close of the People's proof, he failed to renew the motion after the close of all the evidence (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Dancy*, 87 AD3d 759, 760 [2011]). Nevertheless, we will necessarily review whether the elements of the crime were adequately established at trial as part of our weight of the evidence review (*see People v McRobbie*, 97 AD3d 970, 971 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Tucker*, 95 AD3d 1437, 1438 [2012], *lv denied* 19 NY3d 1105 [2012]). Where, as here, a different verdict would not be unreasonable, we will, "like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *accord People v Stewart*, 60 AD3d 1111, 1113 [2009], *lv denied* 12 NY3d 860 [2009]). In doing so, we accord great deference to the jury's ability to view the witnesses and determine their credibility (*see People v Romero*, 7 NY3d at 644; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]).

In order to convict defendant of the crimes of course of sexual conduct against a child in the second degree, the People were required to establish that, over a period of not less than three months, when defendant was more than 18 years old, he engaged in two or more acts of sexual conduct with a child less than 13 years old (*see* Penal Law § 130.80 [1] [b]). As relevant here, "sexual conduct" includes "any touching of the sexual or other intimate parts of a person for the purpose of gratifying

sexual desire" (Penal Law § 130.00 [3], [10]). Defendant contends that there is insufficient evidence to establish the timing of the course of conduct against victim A and that the testimony of the victims and their mother was too inconsistent and improbable to support the jury's finding. The victims' mother testified that, starting in 1999, she often left the victims with defendant and his wife to babysit while she worked, that she and her family temporarily resided with defendant and his family at times, and that the victims would stay with defendant and his family overnight on weekends two or three times a month. Victim A confirmed that she and her siblings would spend nights and weekends at defendant's residence, she described multiple instances of defendant touching her buttocks and vagina, and she testified that she once witnessed defendant do the same thing to victim B. Victim A also testified that there were multiple occasions while she was in elementary school, on mornings when defendant's wife was at work and the other children in the residence were asleep, when defendant would lay her on her back on top of him and push her up and down against his penis. Victim B also testified that she spent many weekends at defendant's residence and described similar episodes of sexual conduct by defendant starting in 2000. Further, victim B testified that defendant made her touch his penis with her hand on numerous occasions while she was in elementary school.

Defendant denied that any of the conduct took place and, although he and his wife claimed that the victims rarely spent time at their residence, they both acknowledged that there were times that defendant would have been the only adult home when the victims and their siblings were present at the residence with defendant's children. Moreover, although there was no physical evidence of the abuse, the victims provided consistent details regarding the nature, frequency and locations of the sexual conduct, and both denied that they had ever spoken to each other about it. The alleged inconsistencies in their descriptions of when the respective families lived at various residences were fully explored at trial and, given the evidence that the families were close and spent a great deal of time together, the jury was free to reject the claim by defendant's wife that the victims and their siblings rarely spent any time at their residences, did not stay overnight and did not visit at all between 2002 and 2007. Under these circumstances, we find no basis to conclude that the jury's determination to credit the victims' accounts is against the weight of the evidence (*see People v Olson*, 110 AD3d 1373, 1374-1375 [2013]; *People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006];

*People v Harp*, 20 AD3d 672, 673 [2005], *lv denied* 5 NY3d 852 [2005]).

Defendant's claims that the prosecutor improperly cross-examined his wife about her failure to volunteer exculpatory information at an earlier date, improperly cross-examined him regarding his right to remain silent and improperly commented on these issues during summation are unpreserved given his failure to object at trial (*see People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v Dawson*, 50 NY2d 311, 316 [1980]; *People v Williams*, 40 AD3d 1364, 1366 [2007], *lv denied* 9 NY3d 927 [2007]). In any event, were we to consider these arguments, we would find no error inasmuch as defendant's wife testified that she did provide the relevant information to the police investigator, the prosecutor's questioning of defendant regarding whether he gave a written statement was an appropriate follow-up to his direct testimony and the prosecutor made fair comments on the evidence during summation (*see People v Williamson*, 77 AD3d 1183, 1185 [2010]; *People v Holmes*, 9 AD3d 689, 691-692 [2004], *lv denied* 3 NY3d 675 [2004]; *People v Otero*, 225 AD2d 489, 490 [1996], *lv denied* 88 NY2d 968 [1996]; *People v Thomas*, 174 AD2d 447, 448 [1991], *lv denied* 78 NY2d 975 [1991]). Moreover, the questioning regarding whether defendant was willing to give a written statement, as he claimed in his direct testimony, addressed only the manner, i.e., orally, by which he agreed to give a statement and, thus, did not implicate his right to remain silent (*see People v Sprague*, 267 AD2d 875, 879 [1999], *lv denied* 94 NY2d 925 [2000]).

Finally, defendant has not identified any extraordinary circumstances and we perceive no abuse of discretion warranting a reduction of his sentence (*see People v Jaeger*, 96 AD3d 1172, 1175 [2012], *lv denied* 19 NY3d 997 [2012]; *People v Stewart*, 60 AD3d at 1113; *People v Frary*, 29 AD3d 1223, 1226 [2006], *lv denied* 7 NY3d 788 [2006]).

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.