*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 14, 2016          106624
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                 Respondent,

       v                           MEMORANDUM AND ORDER

PEDRO RESSY, Also Known as
   ALEX RESSY,
                 Appellant.
_____

Calendar Date: May 23, 2016

Before: Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

       Thomas F. Garner, Middleburgh, for appellant.

       James E. Conboy, District Attorney, Fonda (Sarah J. Leszczynski of counsel), for respondent.

_____

Egan Jr., J.

       Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 20, 2013, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (four counts).

       In September 2012, defendant, who was born in 1977, was charged in a six-count indictment stemming from allegations of repeated abuse of victim A (born in 2005), victim B (born in 2005), victim C (born in 2003) and victim D (born in 2002) — all of whom were the children of defendant's then live-in paramour. Specifically, defendant was charged with two counts of course of sexual conduct against a child in the first degree, alleging that

he engaged in two or more acts of sexual conduct with victim A and victim B, both of whom were less than 11 years of age, and four counts of endangering the welfare of a child as it pertained to victims A, B, C and D.  After hearing the testimony offered by, among others, all four victims, their siblings and their mother, the latter of whom testified on behalf of defendant, the jury found defendant guilty of all charges.  County Court thereafter sentenced defendant to an aggregate prison term of 44 years – consisting of a prison term of 20 years followed by 20 years of postrelease supervision on each count of course of sexual conduct against a child in the first degree and one year with respect to each count of endangering the welfare of a child, which sentences were to run consecutively.  This appeal by defendant ensued.

Defendant initially challenges the legal sufficiency of the evidence supporting the conviction with respect to the two counts alleging course of sexual conduct against victim A and victim B. While we find that defendant's legal sufficiency argument was not preserved by his general motion to dismiss at trial (see People v Cruz, 131 AD3d 724, 724 [2015], lv denied 26 NY3d 1087 [2015]; People v Heyliger, 126 AD3d 1117, 1118 [2015], lv denied 25 NY3d 1165 [2015]), defendant also contends that the verdict convicting him of each of the charged crimes is against the weight of the evidence and, therefore, we necessarily review the evidence presented as to each element of the crimes charged (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Luckette, 126 AD3d 1044, 1045 [2015], lv denied 26 NY3d 1110 [2016]; People v Santiago, 118 AD3d 1163, 1164 [2014], lv denied 24 NY3d 964 [2014]).  In this regard, to the extent that the charged crimes contained specific age requirements for the victims (see Penal Law §§ 130.75 [1] [a]; 260.10 [1]), we find that the testimony adduced at trial established that the ages of all four victims satisfied the requirements embodied in the crimes at issue.

With respect to the charges of course of sexual conduct against victim A and victim B, each victim testified that defendant had subjected them to repeated sexual conduct in their mother's room at several residences during certain intervals over

the course of approximately two years.[1]  At trial, victim A and victim B, both of whom then were eight years old, testified that defendant began his abuse by exposing them to pornographic movies.  Defendant then progressed from compelling victim A to watch pornography to, among other acts, "put[ting] his penis in [the victim's] butt and touch[ing the victim's] penis."  Although victim A did not provide specific dates, he remembered the street names of the residences where the abuse occurred and testified that defendant subjected him to anal sexual conduct at least five times while they resided at one particular location.  The testimony of victim A's father and the parties' stipulation established that such abuse occurred between April 2011 and June 2011.  In addition, victim A testified to at least one instance in which his mother was lying on the bed and watched as defendant "touched" him.  Victim A also testified that, on one occasion, victim C "snuck[]" into his mother's room and "crawled under the bed" while defendant was abusing him and, on another occasion, victim D was "slamming on the door peeking through the hole at the bottom" while defendant was making him watch pornographic movies — all of which was corroborated by the testimony of victim C and victim D, respectively.  Finally, although defendant attempted to portray victim A's testimony as rehearsed or coached, victim A denied that he had been instructed as to how to describe the manner or the frequency of the abuse.

Similarly, victim B testified that defendant perpetrated several acts of sexual conduct against him at two different locations where the family resided.  Specifically, victim B testified that defendant sodomized him when he was asleep, which caused him to bleed.  Victim B also testified that, at one residence, defendant inserted his penis "[w]here you go poop" on approximately five occasions.  Based on the testimony adduced at trial, these incidents occurred between April 2009 and February

---

[1]  Due to defendant's multiple periods of incarceration, the People and defendant stipulated that there were "certain definite time periods when the [d]efendant may have had physical access to the subject children" — specifically, August 10, 2007 through October 9, 2007, April 9, 2009 through February 18, 2010 and April 18, 2011 through an undefined date in June 2011.

2010. Further, victim B testified that, while at another residence, defendant committed anal sexual conduct against him on approximately four occasions during which his mother was present. Again, other testimony at trial established that such abuse occurred between April 2011 and June 2011. Finally, both victim A and victim B recalled that defendant played music at a high volume in order to conceal the sounds of the abuse when their other siblings were present at the same residence.

Upon consideration of the foregoing evidence, and granting deference to the jury's credibility determinations, we are satisfied that the jury's verdict as to these counts is in accord with the weight of the evidence (see People v Monroe, 134 AD3d 1138, 1140 [2015]; People v Hayes, 104 AD3d 1050, 1054-1055 [2013], lv denied 22 NY3d 1041 [2013]). While acknowledging that references to their "private," "privacy" or "bottom" included another term that corresponded to their genital or anal area, both victim A and victim B provided detailed testimony regarding the multiple incidents in which defendant engaged in anal sexual conduct with them. Although defendant contends that the absence of any physical or other evidence to corroborate these victims' claims of abuse is dispositive, these issues were fully explored at trial and the jury plainly credited their testimony on this point. Accordingly, we find no basis upon which to disturb defendant's conviction as to the two counts of course of sexual conduct against a child as to victim A and victim B (see People v Gregory, 78 AD3d 1246, 1248 [2010], lv denied 16 NY3d 831 [2011]; People v Stewart, 60 AD3d 1111, 1113 [2009], lv denied 12 NY3d 860 [2009]).

We reach a similar conclusion as to the four counts of endangering the welfare of a child with respect to victims A, B, C and D, which required the People to prove, as is relevant here, that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare" of the victims, each of whom were less than 17 years of age (Penal Law § 260.10 [1]). Victim A and victim B testified that defendant compelled them to watch pornographic movies, while victim C and victim D testified that defendant either allowed them to watch or displayed pornographic movies in a manner that permitted their viewing. Furthermore, victim A and victim B both testified that

defendant committed anal sexual conduct against them on multiple occasions. Crediting the testimony offered by the four victims, as well as the admissions made by the mother during her testimony related to owning and watching pornographic movies with defendant, we are satisfied that the jury's verdict on these four counts is in accord with the weight of the evidence (see People v Kuykendall, 43 AD3d 493, 495-496 [2007], lv denied 9 NY3d 1007 [2007]; see generally People v Hughes, 114 AD3d 1021, 1022 [2014], lv denied 23 NY3d 1038 [2014]).

Defendant next contends that he was deprived of a fair trial as a result of comments made by the prosecutor during the People's summation. We do not agree. Our analysis is guided by well-settled parameters that prohibit counsel from serving as a witness, vouching for the credibility of testifying witnesses, commenting upon matters that are not in evidence and engaging in speculation (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Forbes, 111 AD3d 1154, 1158-1160 [2013]). Although defendant argues that the prosecutor impermissibly shifted the burden of proof, the record reflects that, at several times throughout the People's summation, the prosecutor reminded the jury that the People alone carried the burden of proving defendant's guilt beyond a reasonable doubt. Similarly, to the extent that the prosecutor sought to bolster the credibility of the four victims or mentioned matters not in evidence, County Court not only sustained many of defendant's objections in this regard, but also issued proper and timely curative instructions. In light of the foregoing, and to the extent that defendant's various other claims of prosecutorial misconduct during the People's summation were properly preserved for appellate review by specific objections at trial (see People v Fiorino, 130 AD3d 1376, 1380 [2015], lv denied 26 NY3d 1087 [2015]), we find that the cumulative effect of the challenged comments was not so prejudicial as to deny defendant his fundamental right to a fair trial (see People v Sposito, ___ AD3d ___, ___, 2016 NY Slip Op 04467, *3 [2016]; People v Goldston, 126 AD3d 1175, 1179-1181 [2015], lv denied 25 NY3d 1201 [2015]; People v Widmer, 137 AD2d 929, 931 [1988], lv denied 72 NY2d 868 [1988]; compare People v Rupnarine, ___ AD3d ___, ___, 2016 NY Slip Op 04257, *1-2 [2016]; People v Gorghan, 13 AD3d 908, 910-911 [2004], lv dismissed 4 NY3d 798 [2005]).

Nor do we find merit to defendant's multifaceted ineffective assistance of counsel claim. The record reflects that defense counsel presented appropriate opening and closing statements, provided an alternate theory as to the source of and/or the basis for the victims' allegations of abuse and called witnesses who testified on defendant's behalf, effectively cross-examined the People's witnesses and registered appropriate objections – many of which were sustained and resulted in curative instructions – and sought and received an inconsistent statement charge. As such, we are satisfied that defendant received meaningful representation (see People v Adams, 135 AD3d 1154, 1156-1158 [2016], lv denied 27 NY3d 990 [2016]; People v Fisher, 126 AD3d 1048, 1052 [2015]). Defendant's remaining contentions, including those relative to the sentence imposed, have been examined and found to be lacking in merit.[2]

Garry, J.P., Lynch, Devine and Mulvey, JJ., concur.

---

[2] To the extent that defendant contends that he was improperly sentenced as a second violent felony sex offender, the amended sentence and commitment order reflects that he was properly sentenced as a second violent felony offender, and it is apparent from a review of the sentencing minutes that County Court simply misspoke at the sentencing hearing in using the two statuses interchangeably.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court