People v Meeks (2025 NY Slip Op 52010(U))

[*1]

People v Meeks

2025 NY Slip Op 52010(U)

Decided on June 9, 2025

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2025
County Court, Tompkins County

The People of the State of New York,

againstFrisco A. Meeks, Defendant.

Ind. No. 2020-0021(C)

Frisco A. Meeks, Defendant, pro seTompkins County Deputy District Attorney Andrew J. Bonavia, Esq.

Scott A. Miller, J.

By filing entered, January 31, 2025, the defendant, Frisco A. Meeks, moves pro se, pursuant to Criminal Procedure Law § 440.20 to set aside the sentence imposed upon his conviction for Burglary in the First Degree (Penal Law § 140.30[2]). The People oppose by affirmation filed June 4, 2025.
Pursuant to the above-entitled indictment dated August 27, 2020 [FN1]
, on May 21, 2021, the defendant pled guilty to Burglary in the First Degree with the express understanding, set forth clearly on the record, that he would receive a determinate sentence of ten years of incarceration and five years of post-release supervision per the Court's commitment to impose the statutory minimum.[FN2]
On January 21, 2022, the Hon. John C. Rowley imposed that exact sentence. During the plea allocution on May 21, 2021, Defendant Meeks unambiguously acknowledged his predicate conviction for Robbery in the Second Degree, a violent felony under New York law, thereby establishing his status as a second violent felony offender under Penal Law § 70.04.
The defendant now argues that his sentence must be vacated in light of the United States Supreme Court's 2024 decision in Erlinger v. United States, 602 U.S. 821, 144 S.Ct. 1840, contending that the Second Violent Felony Offender statute is unconstitutional. This Court is not persuaded.
First, as the People correctly observe, Erlinger does not declare New York's predicate sentencing scheme unconstitutional. The holding in Erlinger was confined to the application of the Armed Career Criminal Act's (ACCA) "occasions" clause and reaffirmed the principle from Apprendi [FN3]
that facts increasing the penalty for a crime must be admitted by the defendant or [*2]proved to a jury beyond a reasonable doubt. However, Erlinger left undisturbed the exception established in Almendarez-Torres v. United States, 523 U.S. 224 (1998), permitting a sentencing judge to find the fact of a prior conviction. That exception remains controlling law, as both the Court of Appeals and Appellate Division, Third Department, have repeatedly recognized. See People v. Leon, 10 NY3d 122 (2008); People v. Johnson, 24 AD3d 967 (3d Dept. 2005).
Second, even if Erlinger had some application to New York's sentencing statutes— a proposition this Court squarely rejects—it would not avail this defendant. Erlinger is not retroactive. Nor does it apply to defendants, like Defendant Meeks, who voluntarily pled guilty, admitted their prior violent felony convictions, and were sentenced in strict accordance with a negotiated disposition.
Finally, the defendant's reliance on generalized constitutional theories about the tolling of the predicate felony period is unavailing. The plea minutes reflect that Mr. Meeks expressly admitted the prior violent felony conviction, and the record supports the lawful imposition of a predicate sentence. This Court's review of the Defendant's pre-Sentence Investigation clearly reveals that the Defendant's was sentenced on September 9, 2008 to 42 months incarceration for his Robbery in the Second Degree conviction. Defendant Meeks was released to parole on two occasions, first on March 2011, but returned on a violation three months later in June 2011, and was then released again to parole in October 2012. "In calculating the ten-year period [for a predicate violent felony conviction] any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten-year period shall be extended by a period or periods equal to the time served under such incarceration." NY Penal Law §70.04(1)(b)(v). Consequently, the Defendant's Robbery in the Second Degree is in fact a predicate felony conviction and the Defendant was properly sentenced as a second violent felony offender by the sentencing court. Accordingly, the 440 motion must be denied in its entirety.
WHEREFORE, it is hereby, ORDERED that the Defendant's motion to set aside his sentence pursuant to CPL §440.20 is DENIED.
This constitutes the Decision of the Court entered upon notice to all parties. A notice of appeal, if applicable, must be filed within thirty (30) days of the date of entry of this decision and order.
Dated: June 9, 2025Ithaca, New YorkHon. Scott A. MillerTompkins County Court Judge

Footnotes

Footnote 1:The date of the offense in this indictment was July 25, 2020.

Footnote 2:The legal sentencing range is a determinate sentence between 10 and 25 years with 5 years post release supervision.

Footnote 3:Apprendi v. New Jersey, 530 U.S. 466 (2000)