■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RODRIGUEZ, Appellant. [756 NYS2d 145] —Judgment,

Supreme Court, Bronx County (Ira Globerman, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of murder in the first degree, two counts of murder in the second degree (felony and intentional murder) and robbery in the first degree, and sentencing him to concurrent terms of life without the possibility of parole, 25 years to life (two terms) and 12½ to 25 years, respectively, unanimously affirmed.

We reject defendant's challenges to the legal sufficiency of the circumstantial evidence supporting his convictions for first-degree murder, second-degree felony murder and first-degree robbery. There was a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion that defendant killed the decedent in furtherance of a robbery, based on the trial evidence as viewed in the light most favorable to the People (*see People v Williams*, 84 NY2d 925; *see also People v Norman*, 85 NY2d 609, 620-621). The evidence permitted the jury to reasonably infer that defendant killed the victim in the course of a robbery wherein he forced her to divulge her PIN number, which he used to withdraw money from her bank account.

The court properly denied defendant's challenge for cause to a prospective juror whose stepson had been robbed and assaulted at a bank ATM four years earlier. The totality of the colloquy, including the prospective juror's unequivocal responses to the court's thorough clarifying questions, did not cast any doubt on his ability to reach an impartial verdict based solely on the evidence (*see People v Chambers*, 97 NY2d 417, 419).

Defendant failed to preserve any of his present arguments in support of his claim that the hearing court should have suppressed a belt and money, and a wallet containing the victim's identification, which were recovered in the motel room in which defendant was arrested (*see People v Turriago*, 90 NY2d 77, 82; *People v Tutt*, 38 NY2d 1011; CPL 470.05 [2]; *see also People v Hines*, 289 AD2d 40, *lv denied* 97 NY2d 755), and we decline to review them in the interest of justice. Were we to review these claims, we would find that any error in the admission of the belt and money at trial was harmless because these items added nothing to the People's case (*see People v Crimmins*, 36 NY2d 230), and that the wallet was properly searched incident to defendant's lawful arrest as it was within defendant's "grabbable area" and might have contained a small, easily concealable weapon, such as a razor blade like the one found in the bathroom (*see People v Smith*, 59 NY2d 454, 455-456; *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946; *People v Johnson*, 86 AD2d 165, 167-168, *affd* 59 NY2d 1014).

The court properly denied defendant's request to submit manslaughter in the first degree to the jury as a lesser included offense of intentional murder. Given the nature of the injuries, there is no reasonable view of the evidence that defendant intended to cause serious physical injury but not death (*see People v Butler*, 84 NY2d 627, 634).

The record does not support defendant's assertion that the sentencing court misunderstood its range of discretion in imposing sentence.

Defendant's remaining arguments, including his challenges to the constitutionality of the first-degree murder statute and its sentencing scheme, all require preservation (*see People v Graham*, 93 NY2d 934; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914; *compare People v Mower*, 97 NY2d 239, 244), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would note that some of defendant's arguments have been rejected by the Court of Appeals (*see People v Harris*, 98 NY2d 452, 475-477), and would find all of them to be unavailing. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.