■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LAU, Appellant. [782 NYS2d 777]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 30, 2001, convicting him of murder in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People adduced legally sufficient evidence proving that he intentionally and

violently killed Allesandro Barone and Liane Barone (hereinafter the Barones) to eliminate them as witnesses against him regarding a fraudulent real estate deal he perpetrated (*see* Penal Law § 125.27 [1] [a] [v]; *People v Caruso,* 6 AD3d 980 [2004]; *cf. People v Cahill,* 2 NY3d 14 [2003]), which was one of several such fraudulent real estate deals. Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference (*see People v Contes,* 60 NY2d 620 [1983]), the People established that at the time the Barones exposed the real estate fraud, the defendant left the United States Army base where he was stationed in Italy, without leave, and traveled to New York to meet with Allesandro and provide him with fabricated documents further concealing the fraud. The evidence also established that the defendant was the last person to see the Barones alive, late at night, in a parking lot near Shea Stadium. The Barones' bodies, which were discovered the next day in Newtown Creek close to the home of the defendant's mother, were found bound and bludgeoned to death by a large ratchet wrench of a type primarily used by the military and which was available to the defendant on his army base. Robbery was excluded as a motive for the murders, as the Barones' jewelry was not taken. However, the evidence established that the defendant had a motive to hinder any potential prosecution of him in connection with the fraudulent real estate deals and to protect his military career. Notwithstanding the absence of any direct evidence inculpating the defendant, the circumstantial evidence of guilt was sufficient to find the defendant guilty of murder in the first degree (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* — US —, 124 S Ct 2929 [2004]; *People v Rodriguez,* 302 AD2d 240 [2003]; *People v Bass,* 277 AD2d 488 [2000]; *People v Cantres,* 238 AD2d 56 [1997]; *People v Dorsey,* 242 AD2d 734 [1997]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.