## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 25, 2016                    105580
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                                    MEMORANDUM AND ORDER

GENE FARNHAM,
                Appellant.
_____


Calendar Date:  January 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

_____


     Justin C. Brusgul, Voorheesville, for appellant, and appellant pro se.

     P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____


Clark, J.

     Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 9, 2012 in Albany County, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child and endangering the welfare of a child (two counts).

     In November 2011, defendant (born in 1960) was charged in a five-count indictment with the crimes of predatory sexual assault against a child (two counts), endangering the welfare of a child (two counts) and tampering with a witness in the fourth degree, stemming from allegations that he sexually assaulted a six-year-old child (hereinafter the victim) and urged someone not to appear at the grand jury as directed to by subpoena.

Defendant thereafter moved to, among other things, dismiss the indictment, arguing that the evidence before the grand jury was legally insufficient to support the charged crimes. Supreme Court partially granted the motion by dismissing the tampering with a witness charge and, following a jury trial, defendant was convicted of the remaining four charges.

Thereafter, pursuant to defendant's CPL 330.30 motion to set aside the verdict, Supreme Court dismissed one of the two counts of predatory sexual assault against a child on the ground that the evidence was legally insufficient to support the verdict on that count. Defendant was thereafter sentenced to 25 years to life in prison for his conviction of predatory sexual assault against a child, to run concurrently with two one-year terms of incarceration for each count of endangering the welfare of a child. Defendant appeals.

As an initial matter, defendant's argument regarding the legal sufficiency of the People's evidence is unpreserved for our review inasmuch as he failed to make a specific motion to dismiss at the close of the People's evidence (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Briggs, 129 AD3d 1201, 1202 [2015], lv denied 26 NY3d 1038 [2015]). However, given that a different verdict would not have been unreasonable, we will nonetheless endeavor to "evaluate the adequacy of the evidence as to each element of the crimes for which [defendant] was convicted as part of our weight of the evidence review" (People v Launder, 132 AD3d 1151, 1151 [2015]; see People v Danielson, 9 NY3d 342, 348-349 [2007]).

The crime of predatory sexual assault against a child requires the People to prove that defendant, being 18 years old or more, committed the crime of rape in the first degree and that the victim was less than 13 years old (see Penal Law § 130.96; People v Beauharnois, 64 AD3d 996, 1000 [2009], lv denied 13 NY3d 834 [2009]). As relevant here, "[a] person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [w]ho is less than [11] years old" (Penal Law § 130.35 [3]). "'Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight" (Penal Law § 130.00 [1]). In order to convict defendant of endangering

the welfare of a child, the People had to prove that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). Focusing his argument largely on the credibility of the victim, defendant contends that, other than the victim's own testimony, the trial was devoid of any evidence of sexual abuse and, therefore, the weight of the evidence does not support his conviction for these crimes. We disagree and affirm.

At trial, the victim testified that she was eight years old, having been born in September 2003. The victim further testified that, on the day of her sixth birthday party in September 2009, defendant brought her to a storage unit where they "did the adult secret thing." Among other details, she explained that defendant put her on top of a dresser in the storage room, without her pants on, and pulled out his "private" from his zipper, and then put his "private" into her "private" while he was standing up. Later that same day after the guests had left her birthday party, the victim told her mother what defendant did to her in the storage unit. According to the victim, her mother questioned defendant about the victim's allegation but he denied any wrongdoing.[1]

The victim further vividly testified that she and defendant did the "adult secret thing" three or four additional times at his home while he was babysitting her. The victim stated that defendant would put his "private" in her "private" while she was laying on top of him in his bedroom. She stated that this would hurt her, that "bubbles would come out his private when he squeezed it," and that defendant would then take her into the bathroom, "wipe [her] private" with a washcloth and, afterwards, they would watch movies. The victim explained that she kept what defendant was doing a secret for a period of time because, among other things, defendant "spoiled" her by giving her lots of toys and buying her a pet dog. The victim finally disclosed the abuse to her grandmother in August 2011. The grandmother then immediately informed the victim's mother who, in turn, called

---

[1] The victim's mother did not testify at trial.

Child Protective Services, prompting an investigation.

Additional testimony presented by the People's witnesses demonstrated that defendant frequently had access to the victim during the time period in question, that he frequently bought her gifts, that he rented a storage unit that comported with the description of the unit provided by the victim and that, shortly after the victim's disclosure, he unexpectedly moved out of his home at 3:30 a.m. during a rain storm and could not be located by Child Protective Services caseworkers. Further, the sexual assault nurse examiner testified that she conducted a head to toe and genital examination of the victim and, while she did not find any injuries on the victim, the lack of apparent injuries did not rule out the possibility of multiple incidents of sexual assault. Under these circumstances, we find no basis to conclude that the jury's determination to credit the victim's account is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 494-495 [1987]; People v Raymo, 19 AD3d 727, 728 [2005], lv denied 5 NY3d 793 [2005]). Accordingly, based upon our review of the record as a whole, we find that the verdict is in accord with the weight of the evidence (see People v Sorrell, 108 AD3d 787, 789-790 [2013], lv denied 23 NY3d 1025 [2014]; People v Reynolds, 81 AD3d 1166, 1166-1167 [2011], lv denied 16 NY3d 898 [2011]; People v Beauharnois, 64 AD3d at 998-999).

Defendant's next contention — that Supreme Court deprived him of a fair trial by negatively influencing the jury pool and improperly influencing the jury to rush in its deliberation — was not properly preserved for our review (see People v Charleston, 56 NY2d 886, 888 [1982]). In any event, were this issue properly before us, we would nonetheless find it to be lacking in merit. Supreme Court's questioning of potential jurors was a permissible attempt at assessing and ensuring that the prospective jurors were indeed impartial and not predisposed to a particular outcome (see People v Johnson, 94 NY2d 600, 614 [2000]; People v Warrington, 130 AD3d 1368, 1369-1373 [2015], lv granted 26 NY3d 973 [2015]). Further, contrary to defendant's contention, near the end of the workday on the jury's first day of deliberations, Supreme Court informed the jury that it would not be forced to continue deliberating indefinitely and could go home for the weekend and resume deliberating the following Monday (compare

People v Pagan, 45 NY2d 725, 727 [1978]).

Finally, in his pro se submission to the Court, defendant argues that he was not provided with the effective assistance of counsel because his attorney did not introduce expert testimony to explain the reasons "for nonexistent medical evidence." Inasmuch as defendant's claim in this regard is based upon matters not apparent on the face of the record, this claim is more properly the subject of a postconviction motion (see CPL 440.10; People v Hansen, 95 NY2d 227, 230-231 [2000]; People v Jenkins, 130 AD3d 1091, 1092 [2015]; People v Green, 9 AD3d 687, 688 [2004]).

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court