*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 20, 2016                    105848
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS J. LANCASTER,
                        Appellant.
_____


Calendar Date:   September 7, 2016

Before:   Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Randolph V. Kruman, Cortland, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Hannah
E.C. Moore, New York Prosecutors Training Institute, Inc.,
Albany, of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered March 14, 2013, upon a verdict convicting
defendant of the crimes of criminal sexual act in the first
degree (two counts), rape in the first degree, aggravated sexual
abuse in the first degree and predatory sexual assault.

        Defendant was charged in a nine-count indictment with three
counts of criminal sexual act in the first degree, two counts of
rape in the first degree, three counts of aggravated sexual abuse
in the first degree and predatory sexual assault, stemming from
allegations that he sexually assaulted five victims at various
times and locations throughout Broome County.  Following a jury

trial, defendant was convicted of two counts of criminal sexual act in the first degree with respect to one victim (hereinafter victim 1) and rape in the first degree and aggravated sexual abuse in the first degree with respect to a second victim (hereinafter victim 2). Defendant was also convicted of one count of predatory sexual assault. County Court thereafter sentenced defendant to an aggregate prison term of 40 years to life. Defendant now appeals.

Defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Initially, we note that, "by failing to make a timely detailed motion to dismiss directed at the specific deficiencies in the evidence" (People v Barringer, 54 AD3d 442, 443 [2008], lvs denied 11 NY3d 830, 836 [2008]), or by failing to renew such a motion after the close of his proof, defendant failed to preserve his challenge to the legal sufficiency of the evidence (see People v Keener, 138 AD3d 1162, 1162-1163 [2016], lv denied 27 NY3d 1134 [2016]; People v Farnham, 136 AD3d 1215, 1215 [2016], lv denied 28 NY3d 929 [2016]). "Although defendant's present challenge to the legal sufficiency of the evidence is unpreserved for our review, our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Jones, 136 AD3d 1153, 1156 [2016] [internal quotation marks and citation omitted], lv dismissed 27 NY3d 1000 [2016]). "Where . . . a different verdict would not have been unreasonable, this Court must view the evidence in a neutral light and, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Olsen, 124 AD3d 1084, 1085-1086 [2015] [internal quotation marks and citations omitted], lv denied 26 NY3d 933 [2015]; see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Simmons, 111 AD3d 975, 979-978 [2013], lv denied 22 NY3d 1203 [2014]). "Issues of credibility and the weight to accord testimony are matters to be resolved by the trier of fact, who is free to accept or reject any part of the testimony presented" (People v Rosa, 57 AD3d 1018, 1019 [2008] [citations omitted], lv denied 12 NY3d 762 [2009]; see People v Beliard, 101 AD3d 1236, 1239 [2012], lv denied 20 NY3d 1096 [2013]).

With respect to the charge of criminal sexual act in the first degree, the People had to prove that defendant "engage[d] in oral sexual conduct or anal sexual conduct with another person" by "forcible compulsion" (Penal Law § 130.50 [1]). Victim 1 testified that defendant forced her to perform oral sex against her will. Thereafter, defendant forced her to have anal sex. According to victim 1, she was screaming and begging for defendant to stop, but he held her down. For the charge of rape in the first degree, the People were required to prove that defendant "engage[d] in sexual intercourse with another person" by "forcible compulsion" (Penal Law § 130.35 [1]). Victim 2 testified that defendant forced her onto her hands and knees and forcibly had sexual intercourse with her. She was terrified of defendant and did as he demanded. With respect to the charge of aggravated sexual abuse in the first degree, the People had to prove that defendant "insert[ed] a foreign object in the vagina . . . of another person causing physical injury . . . [b]y forcible compulsion" (Penal Law § 130.70 [1] [a]). With respect to this charge, victim 2's testimony was that defendant forcibly inserted a foreign object into her vagina, despite the fact that she pushed him away and screamed in pain. In her testimony, the victim described physical injuries suffered as a result of this incident. A nurse practitioner also testified and described her findings upon physical examination, which were consistent with the victim's descriptions.

Finally, to establish a conviction for predatory sexual assault as charged in the indictment, the People were required to prove that defendant "commit[ted] the crime of rape in the first degree, criminal sexual act in the first degree, [or] aggravated sexual abuse in the first degree . . . and . . . [h]e . . . has engaged in conduct constituting [such crimes] against one or more additional persons" (Penal Law § 130.95 [2]). On appeal, defendant argues that County Court failed to explain the "temporal implications" of the statute. We reject this argument since, here, County Court specified that the jury first had to "[find] . . . defendant guilty beyond a reasonable doubt of either criminal sexual act in the first degree, rape in the first degree or aggravated sexual abuse in the first degree against one alleged victim" and, second, find defendant guilty of one of those crimes against "a different, separate victim." County

Court's instructions made clear that the jury had to preliminarily find defendant guilty of one of the enumerated crimes before finding him guilty of one of the same crimes against a separate, subsequent victim, thus addressing the inherent "temporal implications" of the predatory sexual assault statute. Based on the record before us, the evidence has demonstrated that defendant has committed one or more of the enumerated crimes against multiple victims — victim 1 and victim 2. Defendant's argument is thus unavailing and the verdict need not be disturbed on this basis.

Defendant's acquittal of these crimes would have been reasonable, since the jury could have credited defendant's testimony that the encounters with both victims were consensual and deemed that the testimony of the victims was unworthy of belief. However, weighing the evidence in a neutral light and deferring to the jury's credibility assessments, we find that, based on the record before us, the weight of the admissible evidence amply supports the convictions (see People v Scaringe, 137 AD3d 1409, 1416 [2016], lv denied 28 NY3d 936 [2016]; People v Farnham, 136 AD3d at 1216-1217; People v Thiel, 134 AD3d 1237, 1239-1240 [2015], lv denied 27 NY3d 1156 [2016]).

We turn next to defendant's claim that a second search of his home, which turned up the foreign object, was unlawful. Prior to defendant's arrest, a search warrant was issued authorizing law enforcement to search defendant's home for certain physical evidence including, among other things, the foreign object used during the commission of some of the alleged crimes. At the suppression hearing, William Hannigan, an investigator with the State Police, testified that, on January 27, 2012, he arrived at defendant's home to execute the search warrant and take defendant into custody. Fred Fraley, defendant's brother, was in the driveway of defendant's home when Hannigan arrived. G. Frederick Goodall, a senior investigator with the State Police, testified that he supervised and participated in the execution of the search warrant of defendant's home, and the search team did not recover the foreign object on that date. On February 1, 2012, Fraley informed the State Police that he had discovered an item that was listed on the search warrant — specifically, the foreign object — that the

State Police had not found during the January 27, 2012 search. Goodall went to defendant's home and spoke with Fraley, who showed Goodall where he had located the item. Goodall photographed the item, which was located in a suitcase in a cluttered room, and took it as evidence. Goodall stated that he knew it was not Fraley's home, but also knew that, at the time the search warrant was executed, defendant had given Fraley permission to take his son and leave officers in control of the house, so he assumed that Fraley's permission lasted "right on through." Goodall's understanding was that Fraley had "control of [the house] until [defendant] gets out of jail[;] therefore, he can turn something over to us, if he finds it." Fraley testified that he was present at defendant's home during the execution of the search warrant and had returned to defendant's home, after defendant's arrest, and began packing and cleaning up for him, per defendant's request. He testified about the location of the item, which he found in the back storage room of defendant's home, buried underneath wood, drywall and a mattress, and explained that he called the police about the discovery since he did not want them to think he was hiding evidence.

Defendant contends that County Court should have granted his motion to suppress the foreign object as it was seized from his home several days after the execution of the search warrant. The People contend that County Court properly denied defendant's motion to suppress because the police acted reasonably in entering defendant's home the second time to seize the item, given that Fraley had actual authority to consent to the second search. "Even in the absence of a warrant, police may lawfully search a residence where an [individual] with apparent authority to consent to the search freely and voluntarily does so" (People v Grillo, 128 AD3d 1103, 1104-1105 [2015] [citations omitted]; see People v Edwards, 124 AD3d 988, 989 [2015], lv denied 25 NY3d 1201 [2015]; People v Dean, 46 AD3d 1229, 1231 [2007], lv denied 10 NY3d 763 [2008]). "[W]here the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that that individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (People v Adams, 53 NY2d 1, 9 [1981], cert denied 454 US 854 [1981]; see People v Dean, 46 AD3d at 1231; People v Harris, 274

AD2d 837, 839 [2000], lv denied 95 NY2d 935 [2000]). "[T]he police belief must be reasonable, based upon an objective view of the circumstances present and not upon the subjective good faith of the searching officers" (People v Adams, 53 NY2d at 9; see People v Dean, 46 AD3d at 1231; People v Cunningham, 229 AD2d 669, 670 [1996]).

The testimony at the suppression hearing established that defendant entrusted his brother with his home, authorizing him to come and go in order to clean up, provide his children with their belongings and remove defendant's personal property should defendant lose his home while incarcerated. The second search was limited in scope to the entry of a specific room in the home so that the State Police could retrieve only the item that Fraley had discovered. Given these circumstances, County Court properly found that Fraley possessed the requisite authority to consent to the second search of the home and that the officers' belief that Fraley had the apparent authority to consent to the search of defendant's home was reasonable. Accordingly, County Court properly denied defendant's motion to suppress the item (see People v Dean, 46 AD3d at 1231; People v Vasquez, 298 AD2d 230, 230 [2002], lv denied 100 NY2d 543 [2003]; People v Martinez, 298 AD2d 897, 898 [2002], lv denied 98 NY2d 769 [2002], cert denied 538 US 963 [2003]).[1]

Defendant next argues that County Court erred in failing to remove a seated juror who was the aunt of a prospective witness and in denying his motion to set aside the verdict on the ground that a juror was allegedly sleeping during the trial. First, with regard to defendant's claim that a seated juror should have

---

[1] Although defendant now alternatively argues on appeal that Fraley did not have the authority to consent to the search of defendant's suitcase, this issue was not fully explored during the suppression hearing. Under the circumstances, the police belief that Fraley was operating within the scope of his authority, when he rummaged through the suitcase at defendant's home, was reasonable given that Fraley had been given control over defendant's home and his possessions.

been removed because she was related to a prospective witness, once the juror informed County Court of her discovery of this fact, the court conducted an appropriate probing and tactful inquiry, in the presence of both counsel, into the juror's ability to be impartial, fair and objective. Following that inquiry, defense counsel did not object to the juror remaining seated. Accordingly, this issue is unpreserved for our review. In any event, were this issue before us, we would not find that the juror was grossly unqualified to serve in this case (see CPL 270.35 [1]; People v Buford, 69 NY2d 290, 298 [1987]; People v Colburn, 123 AD3d 1292, 1295 [2014], lv denied 25 NY3d 950 [2015]). With respect to whether a juror was sleeping, "[a]s a general rule alleged errors must be raised at a time when they can be corrected at trial" (People v Alfaro, 66 NY2d 985, 987 [1985]; see CPL 330.30 [1]). The juror's purported instances of falling asleep occurred in the presence of County Court, and defendant was apparently aware of this issue as the trial was taking place and prior to the verdict and never alerted the court to this or raised this issue during the trial. Accordingly, his argument is unpreserved for further appellate review (see People v Blond, 96 AD3d 1149, 1152-1153 [2012], lv denied 19 NY3d 1101 [2012]).

Defendant also contends that he did not receive the effective assistance of counsel because counsel failed to pursue an intoxication defense. "To establish a claim of ineffective assistance of counsel, defendant 'is required to demonstrate that he was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct'" (People v Ramos, 133 AD3d 904, 909 [2015], lvs denied 26 NY3d 1143, 1149 [2016], quoting People v McRobbie, 97 AD3d 970, 972 [2012], lv denied 20 NY3d 934 [2012]; see People v Caban, 5 NY3d 143, 152 [2005]). "Meaningful representation simply requires that defense counsel's efforts reflect that of a reasonably competent attorney" (People v Coley, 129 AD3d 1327, 1329 [2015] [citation omitted], lv denied 26 NY3d 927 [2015]; see People v Oathout, 21 NY3d 127, 128 [2013]).

Defendant testified that he drank a lot of alcohol and, although he recalled when he stopped drinking, he could not recall the drive home, being helped into his bedroom or getting

into bed. However, when asked, defendant insisted and maintained that he did not do any of the things that victim 1 claimed that he had done, despite the fact that he could not recall other events of the evening. Counsel may have chosen not to make such a request because it might call into question defendant's recollection of the evening and his insistence that he did not commit the crimes charged. Defendant has not established that there is an absence of a legitimate or strategic reason for counsel's failure to request a charge of the defense of intoxication (see People v Russell, 133 AD3d 1199, 1201 [2015], lv denied 26 NY3d 1149 [2016]; People v Underdue, 89 AD3d 1132, 1134 [2011], lv denied 19 NY3d 969 [2012]). Furthermore, on the record before us, we find that defense counsel provided zealous advocacy, provided cogent opening and closing statements and raised effective objections, and defendant was ultimately acquitted of several counts of the indictment. Accordingly, counsel's representation was, viewed in its totality, effective, meaningful and competent, and the verdict should not be disturbed on this basis (see People v Noguel, 93 AD3d 1319, 1321 [2012], lv denied 19 NY3d 965 [2012]).

We turn next to defendant's arguments concerning his conviction of predatory sexual assault and, initially, we note that defendant's claim that Penal Law § 190.35 is void for vagueness and, therefore, unconstitutional, is unpreserved for this Court's review, as defendant did not object to the statute's constitutionality before, during or after the trial or during the jury charge (see CPL 470.05 [2]; People v Graham, 93 NY2d 934, 935 [1999]; People v Rodriguez, 302 AD2d 240, 242 [2003], lv denied 99 NY2d 658 [2003]). Defendant also argues that County Court erred in its charge to the jury. While discussing the jury charge for this crime with counsel, both defense counsel and the People agreed with the proposed charge and felt that it was accurate and appropriate. Moreover, defense counsel did not object to County Court's charge at the time that it was being offered to the jury. Defendant's contention that the jury charge for the crime of predatory sexual assault was incorrect is, thus, unpreserved for appellate review (see People v Dumancela, 136 AD3d 1053, 1053 [2016], lv denied 27 NY3d 1150 [2016]; People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]; People v Houck, 101 AD3d 1239, 1240 [2012]).

However, we do find merit to defendant's argument, in his pro se supplemental brief, that his convictions for criminal sexual act in the first degree, rape in the first degree and aggravated sexual abuse in the first degree are lesser included offenses to the crime of predatory sexual assault (see Penal Law § 130.95 [2]) in that, under the indictment, defendant was charged with and convicted of two counts of criminal sexual act in the first degree with respect to victim 1 and rape in the first degree and aggravated sexual abuse in the first degree with respect to victim 2. "A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense" (People v Baker, 123 AD3d 1378, 1380 [2014]; see People v Wheeler, 67 NY2d 960, 962 [1986]; CPL 1.20 [37]). "[R]ape in the first degree is a lesser included offense of predatory sexual assault in that the former is an element of the latter and defendant could not have committed the latter without also committing the former" (People v Al Haideri, 141 AD3d 742, 745 [2016]; see People v Earl, 133 AD3d 875, 875 [2015], lv denied 26 NY3d 1144 [2016]; People v Ortiz, 95 AD3d 1140, 1141 [2012], lv denied 19 NY3d 999 [2012]). Defendant's convictions of criminal sexual act in the first degree (a class B felony) with respect to victim 1 is a lesser included offense of predatory sexual assault in the first degree (a class A-II felony) and, pursuant to CPL 300.40 (3) (b), the lesser included offense is deemed dismissed, but not an acquittal. The same holds true for defendant's convictions for rape in the first degree and aggravated sexual abuse in the first degree with respect to victim 2. Accordingly, defendant's convictions for criminal sexual act in the first degree (counts 2 and 3) with respect to victim 1 and rape in the first degree and aggravated sexual abuse in the first degree (counts 5 and 6) with respect to victim 2 must be reversed and the sentences imposed thereon vacated (see CPL 300.40 [3] [b]; People v Lee, 39 NY2d 388, 390 [1976]; People v Hayes, 104 AD3d 1050, 1052 [2013], lv denied 22 NY3d 1041 [2013]).

Finally, defendant argues that he was "impermissibly punished" for asserting his right to stand trial with a longer sentence than was offered during a plea opportunity. As an

initial matter, this assertion is unpreserved for this Court's review (see People v Snyder, 91 AD3d 1206, 1215 [2012], lv denied 19 NY3d 968 [2012], cert denied 133 S Ct 791 [2012]; People v Ward, 10 AD3d 805, 808 [2004], lv denied 4 NY3d 768 [2005]). In any event, we note that, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (People v Molina, 73 AD3d 1292, 1293 [2010] [internal quotation marks and citations omitted], lv denied 15 NY3d 807 [2010]; see People v Foulkes, 117 AD3d 1176, 1177 [2014], lv denied 24 NY3d 1084 [2014]).

Defendant also claims that his sentence was harsh and excessive. "'A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances'" (People v Fairley, 63 AD3d 1288, 1290 [2009], lv denied 13 NY3d 743 [2009], quoting People v Lanfair, 18 AD3d 1032, 1034 [2005], lv denied 5 NY3d 790 [2005]). Upon defendant's conviction of predatory sexual assault, a class A-II felony, County Court sentenced defendant to 20 years to life in prison. County Court's rationale for the sentence it imposed — which included the compelling evidence of defendant's propensity to commit sexual offenses, the need to protect society, defendant's extensive criminal past, defendant's lack of remorse or sympathy and his strong likelihood of committing future violent sexual crimes — demonstrates that the sentence imposed was appropriate. As we find no abuse of discretion on County Court's part nor any extraordinary circumstances warranting a reduction of his sentence, it will not be disturbed (see People v Foulkes, 117 AD3d at 1177; People v Edwards, 96 AD3d 1089, 1092 [2012], lv denied 19 NY3d 1102 [2012]); People v Welch, 71 AD3d 1329, 1332 [2010], lv denied 15 NY3d 811 [2010]).

Defendant's remaining contentions raised in his pro se brief, including those with regard to jury selection and note taking by the jury, are unpreserved for appellate review. His arguments regarding rulings concerning the admissibility of hearsay evidence have been examined and determined to be lacking in merit.

Peters, P.J., McCarthy, Garry and Rose, JJ., concur.


ORDERED that the judgment is modified, on the law, by reversing defendant's convictions of criminal sexual act in the first degree, rape in the first degree and aggravated sexual abuse in the first degree under counts 2, 3, 5 and 6 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court