*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                106518
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MATTHEW W. BULLOCK,
                    Appellant.
_____


Calendar Date:  October 11, 2016

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                    _____


        Edward W. Goehler, Cortland, for appellant.

        Joseph A. McBride, District Attorney, Norwich (Michael J.
Genute of counsel), for respondent.

                    _____


Lynch, J.

        Appeal from a judgment of the County Court of Chenango
County (Revoir Jr., J.), rendered November 18, 2013, convicting
defendant following a nonjury trial of the crimes of criminal
sexual act in the second degree (two counts) and endangering the
welfare of a child.

        In September 2012, defendant was indicted and charged with
two counts of criminal sexual act in the second degree and
endangering the welfare of a child.  These charges stemmed from
allegations that defendant engaged the victim, who turned 15
years old in May 2012, in oral and anal sexual conduct in March
and April 2012.  Defendant waived his right to a jury trial and,
at the conclusion of the subsequent bench trial, defendant was
convicted as charged.  Defendant now appeals.

Initially, we find that defendant's claim that the verdict was not supported by legally sufficient evidence was not preserved for our review. Defendant made only a generalized motion to dismiss at the close of the People's case, and he did not renew his motion to dismiss at the close of all the evidence (see People v Lancaster, 143 AD3d 1046, ___, 2016 NY Slip Op 06904, *1 [2016]; People v Robinson, 123 AD3d 1224, 1225 [2014], lv denied 25 NY3d 992 [2015]; People v Simmons, 135 AD3d 1193, 1195 [2016], lv denied 27 NY3d 1006 [2016]). Notwithstanding that, "our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crimes were proven beyond a reasonable doubt" (People v Lancaster, 2016 NY Slip Op 06904 at *2 [internal quotation marks, brackets and citations omitted]; see People v Richards, 78 AD3d 1221, 1222 [2010], lv denied 15 NY3d 955 [2010]). As to this review, we must first conclude that an acquittal would not have been unreasonable and then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Lancaster, 2016 NY Slip Op 06904 at *2).

A criminal sexual act in the second degree occurs when a person 18 years old or older "engages in oral sexual conduct or anal sexual conduct with another person less than [15] years old" (Penal Law § 130.45 [1]). A defendant endangers the welfare of a child where he or she, "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). The victim and his family moved into defendant's home at the end of October 2011, when the victim was 14 years old. At that time, defendant was also sharing the home with his former fiancée and her child. The victim testified that, in early March 2012, defendant entered his room and touched him on his penis and this happened again in defendant's bedroom approximately one week later. The victim further testified that a week after that, defendant engaged the victim in oral sexual conduct and, two weeks later, in anal sexual contact. This sequence ended in April 2012.

In her testimony, defendant's former fiancée confirmed that defendant would spend time alone in the victim's bedroom. She

moved out of defendant's house in February 2012 after confronting defendant about the attention he had been giving the victim. The victim's sister testified that she saw the victim sleeping in defendant's bed during this same time frame and that she told her mother about this sometime at the end of April 2012. The victim's mother testified that when she asked her son about this, he explained that he had fallen asleep while he and defendant were watching a movie. The victim's mother said that, from that point forward, she made sure that the victim was in his bedroom at night. During his testimony, defendant denied all of the allegations.

It is not disputed that, in June 2012, defendant made plans to move to Florida and that, in late July 2012, the victim's mother left defendant's home to move her family into her boyfriend's home. In early August 2012, the victim's mother and defendant's mother got into a physical altercation at defendant's home over belongings that had been placed at the curb. According to the victim's mother, the victim reported defendant's conduct to her a few days later and she immediately contacted the State Police. Wesley Mills, a State Police investigator who was called as a witness by defendant, testified that he was trained to interview children victimized by sexual abuse and that he met with the victim on August 7, 2012. Mills testified that the victim was unsure of the time frame but that, during the interview, the victim stated that it happened during the month before the family left the home; a video recording of this interview was received into evidence. Mills asked the victim's mother to try to get a more exact time frame and, during counseling sessions, the victim was able to determine that the sexual acts took place during March and April 2012, before he turned 15.

While the timing of the sexual conduct was disputed at trial, County Court heard the conflicting testimony and watched the video recording of Mills interviewing the victim. In our view, given the equivocal evidence with regard to the timing of the contact, an acquittal on the criminal act in the second degree charges would not have been unreasonable. Nevertheless, County Court considered all the evidence presented, was aware of the inconsistent evidence and that defendant believed the victim was encouraged to falsely report the acts after the August 2012

altercation involving his mother.  In our view, the victim's testimony was not incredible and, upon our independent consideration and review of the evidence in a neutral light, we find that the verdict was not against the weight of the evidence (see People v Monroe, 134 AD3d 1138, 1140 [2015]; People v Arnold, 85 AD3d 1330, 1332 [2011]).

Next, we reject defendant's claim that he received ineffective assistance of counsel.  To prevail on such a claim, "defendant must demonstrate [both] that his attorney failed to provide meaningful representation . . . [and] the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citations omitted]; see People v Rivera, 71 NY2d 705, 709 [1988]).  "Counsel's performance must be evaluated to determine whether the tactics and strategies were consistent with those of a reasonably competent attorney.  The test is reasonable competence, not perfect representation" (People v Oathout, 21 NY3d 127, 128 [2013] [internal quotation marks and citations omitted]).  Here, defendant contends that counsel was ineffective because he did not seek to suppress or object to the introduction of evidence with regard to prior bad acts between defendant and the victim, failed to effectively examine Mills about the victim's interview and failed to properly subpoena State Police records.

First, because defendant's course of conduct against the victim was an essential element of the crime of endangering the welfare of a child, we discern no basis for suppression or objection (see People v Fuller, 50 AD3d 1171, 1176 [2008], lv denied 11 NY3d 788 [2008]), and "a defendant is not denied the effective assistance of counsel when counsel fails to raise issues that have little or no chance of succeeding" (People v Rodriguez, 121 AD3d 1435, 1440 [2014], lv denied 24 NY3d 1122 [2015]).  As for Mills, defense counsel specifically examined him about the victim's inconsistent explanations with regard to the timing of the sexual acts and offered the video recording into evidence.  The video was played prior to the People's cross-examination of Mills.  On redirect, defense counsel inquired further about the inconsistencies.  Contrary to defendant's claim, we find that defense counsel adequately highlighted the timing issue for the court, and we emphasize that our review does

not extend to assessing counsel's performance "with the clarity of hindsight to determine how the defense might have been more effective" (<u>People v Benevento</u>, 91 NY2d 708, 712 [1998]). Finally, inasmuch as Mills testified that the requested records did not exist, we discern no prejudice from defense counsel's alleged failure to properly subpoena the purported records (<u>see</u> <u>People v Carlton</u>, 120 AD3d 1443, 1444-1445 [2014], <u>lv denied</u> 25 NY3d 1070 [2015]).

Peters, P.J., Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court