People v White (2019 NY Slip Op 04426)





People v White


2019 NY Slip Op 04426


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-11872
 (Ind. No. 28/16)

[*1]The People of the State of New York, respondent,
v
Frank W. White, Jr., appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 2, 2016, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the search of his person incident to his arrest was improper is without merit. The police did not search a bag or container which could be separated from the defendant (see People v Jimenez, 22 NY3d 717, 723; People v Houston, 143 AD3d 737, 739; People v Anderson, 142 AD3d 713, 715; People v Morales, 126 AD3d 43). Rather, the controlled substances seized by the police were concealed on the defendant's person, and, therefore, were properly seized incident to his arrest (see Matter of Jamal S., 28 NY3d 92; People v Burris, 164 AD3d 821; People v Rodriguez, 302 AD2d 240; People v Greaves, 123 AD2d 445).
The defendant's challenge to the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior robbery conviction so outweighed the probative worth of that evidence that exclusion was warranted (see People v Sandoval, 34 NY2d at 378; People v Springer, 13 AD3d 657). "Convictions involving theft, such as robbery, are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his [or her] self-interest at the expense of society" (People v Creel, 215 AD2d 577, 578; see People v Torres, 12 AD3d 539; People v Telesford, 2 AD3d 757).
The defendant contends that the County Court erred in allowing the prosecutor to elicit evidence of his uncharged criminal behavior. "Evidence of uncharged crimes is inadmissible where its only purpose is to show bad character or propensity towards crime" (People v Arafet, 13 NY3d 460, 464-465; see People v Molineux, 168 NY 264; People v Littlejohn, 112 AD3d 67). "On the other hand, evidence relevant to prove some fact in the case, other than the defendant's criminal [*2]propensity, is not rendered inadmissible simply because it may also reveal that the defendant has committed other crimes" (People v Allweiss, 48 NY2d 40, 46-47). Here, the testimony describing the defendant's uncharged criminal behavior was relevant to the defendant's intent to sell the cocaine and heroin that he possessed at the time of his arrest, an element of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16[1]), and it was relevant as background information to explain to the jury the relationship between the witness who provided the testimony and the defendant (see People v Rivera, 116 AD3d 986). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant (see People v Cass, 18 NY3d 553, 560). Thus, the County Court providently exercised its discretion in admitting evidence of the defendant's uncharged criminal behavior.
The County Court also providently exercised its discretion in denying the defendant's requests for new counsel. The defendant's generalized assertions that he needed a new attorney, which contained no specific factual allegations of serious complaints about counsel, did not warrant further inquiry by the court (see People v Anderson, 163 AD3d 981; People v Stevens, 162 AD3d 1077).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court