*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                106036
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

STACY CAMLIN,
                        Appellant.
_____

Calendar Date:  September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Barry J. Jones, Hudson Falls, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Lahtinen, J.

        Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 7, 2013, upon a verdict convicting defendant of the crimes of assault in the second degree, assault in the third degree and criminal possession of a weapon in the third degree.

        When Henry Darden failed to pay defendant money allegedly owed on a small drug transaction, the two began fist fighting on a city street in view of several witnesses.  During the fight, Darden sustained two nonfatal stab wounds.  Thereafter, defendant was charged in a three-count indictment.  Following a jury trial, he was convicted of the crimes of assault in the third degree as a lesser included offense to a charge of attempted assault in the first degree, assault in the second degree and criminal

possession of a weapon in the third degree.  Defendant was sentenced as a second felony offender to an aggregate prison term of 6½ years together with postrelease supervision and now appeals.

Defendant contends that the first count of the indictment, charging attempted assault in the first degree, was jurisdictionally defective and, thus, County Court erred in granting the People's motion prior to trial to amend it to add the phrase "by means of a deadly weapon or a dangerous instrument."  We are unpersuaded.  "Where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012] [internal quotation marks, brackets and citations omitted]; see People v Champion, 20 AD3d 772, 774 [2005]; cf. People v Boula, 106 AD3d 1371, 1372 [2013], lv denied 21 NY3d 1040 [2013] ["such reference may be negated . . . by the inclusion of conduct that does not constitute the crime charged"]).  The indictment specifically recited in the first count that defendant was being charged under Penal Law §§ 110.00 and 120.10 (1).  The language added in the amendment mirrored the cited statutory language of Penal Law § 120.10 (1).  The amendment did not change the theory of the case or prejudice defendant (see People v Hawkins, 130 AD3d 1298, 1301-1302 [2015], lv denied 26 NY3d 968 [2015]; People v Hall, 125 AD3d 1095, 1096 [2015]; People v Cruz, 61 AD3d 1111, 1112 [2009]).

Next, defendant argues that he was denied the effective assistance of counsel because his counsel failed to make a timely motion to dismiss the indictment after defendant had testified before the grand jury in prison clothing.  "Effective assistance of counsel is satisfied '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Wiggins, 89 NY2d 872, 873 [1996], quoting People v Baldi, 54 NY2d 137, 147 [1981]).  Initially, we note that since the grand jury minutes are not part of the record, we cannot determine whether the

prosecutor provided a curative instruction regarding defendant's clothing (see People v Fells, 279 AD2d 706, 708 [2001], lv denied 96 NY2d 758 [2001]; People v Di Fondi, 275 AD2d 1018, 1018 [2000], lv denied 95 NY2d 933 [2000]).  In any event, under the circumstances of this case and after considering the totality of counsel's representation, this single error did not deprive defendant of meaningful representation (see People v Porter, 82 AD3d 1412, 1416 [2011], lv denied 16 NY3d 898 [2011]; People v Littebrant, 55 AD3d 1151, 1153 [2008], lv denied 12 NY3d 818 [2009]).

Finally, defendant asserts that the verdict was against the weight of the evidence.  In a weight of the evidence review, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Romero, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]), while according deference to the factfinder's credibility determinations (see People v Bleakley, 69 NY2d 490, 495 [1987]).  Here, Darden's testimony, as well as the testimony from the several witnesses to the fight and the doctor who treated Darden, provided sufficient proof as to each of the elements of the crimes.  Although defendant testified at trial and denied having a knife during the fight and also claimed that Darden had a sharp object in his hand, this testimony created credibility issues.  After viewing the evidence in the record in a neutral light and according deference to the jury's credibility determinations, we find that the jury's verdict was not contrary to the weight of the evidence.

Peters, P.J., McCarthy and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court