## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: October 27, 2016        106639
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                        MEMORANDUM AND ORDER

PEDRO A. UMANA,
                Appellant.
_____

Calendar Date: September 14, 2016

Before: McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

Patrick A. Perfetti, Cortland, for appellant.

Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 7, 2013, upon a verdict convicting defendant of the crimes of criminal sexual act in the third degree, sexual abuse in the third degree (three counts) and course of sexual conduct against a child in the second degree.

Defendant was charged by indictment with criminal sexual act in the third degree, sexual abuse in the third degree (three counts) and course of sexual conduct against a child in the second degree arising from allegations that he had subjected one underage victim to sexual contact over a prolonged period of time and another underage victim to sexual contact on two occasions. Following a jury trial, defendant was convicted as charged. He now appeals.

Defendant contends that various errors made by his trial counsel, when viewed together, establish that he was deprived of meaningful representation. We disagree. The evidence, the law and the circumstances of this case, when viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (see People v Gross, 26 NY3d 689, 693 [2016]; People v Camlin, 133 AD3d 909, 911 [2015], lv denied 26 NY3d 1108 [2016]). In reaching this conclusion, we are mindful that "[a] defendant is not entitled to a perfect trial, and must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged deficiencies" (People v Jones, 101 AD3d 1241, 1242 [2012], lv denied 21 NY3d 944 [2013]; see People v Nicholson, 26 NY3d 813, 831 [2016]).

Our review of the record confirms that counsel's decision to waive a Huntley hearing was legitimately based upon his early receipt of Rosario material and the consistency of defendant's statement to the police, and coincided with the defense pursued at trial (see People v Thiel, 134 AD3d 1237, 1240 [2015], lv denied 27 NY3d 1156 [2016]; People v Colburn, 123 AD3d 1292, 1297 [2014], lv denied 25 NY3d 950 [2015]). In addition, counsel actively engaged in jury voir dire, and defendant has failed to show the absence of a legitimate explanation for counsel's decision to keep a prospective juror whose family member had been prosecuted previously by the District Attorney's office (see People v Slack, 137 AD3d 1568, 1570 [2016], lvs denied 27 NY3d 1139 [2016]). Defendant also claims that his counsel failed to exercise peremptory challenges to remove two other prospective jurors; however, our review of the record reveals that these two jurors were not ultimately seated on the jury.

Next, defendant has not shown that counsel's failure to object to the People's use of certain leading questions on direct examination of these young victims constitutes ineffective assistance (see e.g. People v Izzo, 104 AD3d 964, 967 [2013], lv denied 21 NY3d 1005 [2013]), and there is no merit to defendant's assertion that the People used leading questions on direct examination of his wife. Further, counsel's failure to object to certain remarks made by the prosecutor during summation did not deprive defendant of meaningful representation, as the vast majority of these remarks were proper (see People v Rodriguez,

135 AD3d 1181, 1186 [2016], lv denied 28 NY3d 936 [2016]; People v Stanford, 130 AD3d 1306, 1309 [2015], lv denied 26 NY3d 1043 [2015]).  Rather, the record reflects that counsel presented a clear trial strategy, made appropriate opening and closing statements, effectively cross-examined witnesses and, thus, provided defendant with meaningful representation (see People v Ressy, 141 AD3d 839, 843 [2016]; People v Adams, 135 AD3d 1154, 1158 [2016], lv denied 27 NY3d 990 [2016]).

Finally, defendant's challenges to certain jury instructions are not preserved for our review (see CPL 470.05 [2]; People v Smith, 140 AD3d 1396, 1398 [2016], lv denied 28 NY3d 936 [2016]).  In any event, were we to review them, we would find them to be meritless.

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court