People v Houze (2019 NY Slip Op 53938)





People v Houze


2019 NY Slip Op 53938


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109585

[*1]The People of the State of New York, Respondent,
v
Andrew Houze, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered May 18, 2017 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree.
On January 25, 2017, while out running a quick errand, Victor Cain noticed a suspicious looking man — later identified as defendant — walking near a community garden in his neighborhood, carrying two large duffle bags and wearing a black leather jacket. After running his errand, Cain's wife informed him that the home of the victim — Cain's neighbor — had been broken into. Cain briefly met with the victim to show the victim where defendant had been walking, and then proceeded to see if he could locate defendant. Cain found defendant a few blocks away boarding a bus and holding only one duffle bag. Cain followed the bus and contacted the victim to meet him at the location where defendant exited the bus. Once the victim arrived, he and Cain confronted defendant, who pulled out what appeared to be a gun, causing Cain and the victim to retreat to their vehicles. While the victim drove home, Cain continued to observe defendant enter a nearby home. On his way to report the incident to police, Cain flagged down two detectives and explained that defendant had just brandished a gun. The detectives followed Cain to where defendant was last seen, and, when they arrived, defendant was leaving the apartment without any duffle bags. Cain then told the detectives that defendant was the man who brandished the weapon, and defendant was then arrested and taken into custody. While arresting defendant, police recovered, among other things, an electronic stun gun, cocaine and some of the proceeds of the burglary.
Defendant was subsequently indicted for the crimes of burglary in the second degree, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. After a jury trial, defendant was convicted as charged and was thereafter sentenced, as a persistent violent felony offender, to a prison term of 22 years to life on the burglary in the second degree conviction and to lesser concurrent prison terms on the other two convictions. Defendant appeals, and we affirm.
We turn first to defendant's contention that Supreme Court erred in denying his motion to preclude identification testimony pursuant to CPL 710.30 (2) because the People failed to provide him with sufficient notice of the identification. "CPL 710.30 requires the People to serve notice upon the defendant of their intention to introduce 'testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him [or her] as such'" (People v Anderson, 149 AD3d 1407, 1410 [2017], lv denied 30 NY3d 947 [2017], quoting CPL 710.30 [1] [b]). "The notice requirement applies to police-arranged identifications, and its purpose is to allow the defense an opportunity to inquire into whether misleading or suggestive procedures were used that could affect the accuracy of a later identification in court" (People v Russell, 167 AD3d 1326, 1327 [2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 981 [2019]; see People v Boyer, 6 NY3d 427, 431 [2006]).
Here, the People, at arraignment, served defendant with a written notice stating their intention to offer at trial, among other things, evidence of an identification of defendant as the person who committed the crimes "by a witness who ha[d] previously identified [him] as such." The notice did not specify what type of identification procedure had taken place and, as for the date and place of the identification, the notice stated, "See attached." The attached supplemental report provided the details of the identification, including the date and time of the identification. Defendant moved to preclude the identification testimony and a Wade hearing was held. At the hearing, Timothy Haggerty, a police detective, testified that he and another detective were on their way to get coffee when Cain, who was known to Haggarty, flagged them down and informed them that he was just threatened by a man with a gun. According to Haggarty, Cain made no mention of the burglary at this time and Haggarty and the other detective followed him to where the man was last seen. As Haggarty, the other detective and Cain approached the home, defendant was exiting the apartment and Cain, without provocation, pointed at defendant and identified him as the man who pulled the gun on him stating, "There he is. He's right there." Haggarty testified that he then arrested defendant. Following the hearing, Supreme Court denied defendant's motion.
Inasmuch as Cain's identification of defendant "occurred spontaneously without any police involvement, CPL 710.30 notice of such identification was not required" (People v Coker, 121 AD3d 1305, 1307 [2014], lv denied 26 NY3d 927 [2015]; see People v Rawlinson, 170 AD3d 1425, 1428—1429 [2019], lv denied 33 NY3d 1107 [2019]). Additionally, "notice of an eyewitness identification is not required 'where the eyewitness has not previously made any out-of-court, police-initiated identification of the defendant in connection with that crime'" (People v Anderson, 149 AD3d at 1410-1411, quoting People v Butler, 16 AD3d 915, 916 [2005], lv denied 5 NY3d 786 [2005]). According to Haggerty's testimony, at the time that Cain identified defendant, it was only in connection with defendant threatening him with a gun, not the burglary, as the burglary had not even been reported yet; thus, CPL 710.30 notice was not required. Therefore, Supreme Court properly denied defendant's motion to preclude Cain's identification testimony.
Defendant also challenges Supreme Court's Sandoval ruling. However, because defendant failed to object to the court's ruling prior to the close of the Sandoval hearing, this issue is not preserved for our review (see People v Nunez, 160 AD3d 1225, 1225 [2018]; People v Stacconi, 151 AD3d 1395, 1397 [2017]). Defendant's contention that the court erred in allowing the People to amend the indictment prior to jury selection is similarly unpreserved inasmuch as defendant did not oppose, and in fact consented to, the People's motion to amend (see People v Lamont, 125 AD3d 1106, 1106 [2015], lvs denied 26 NY3d 967, 969 [2015]; People v Wimberly, 86 AD3d 806, 807 [2011], lv denied 18 NY3d 863 [2011]).[FN1]
Defendant also claims that reversal is required due to the People's failure to turn over Rosario material, which also constituted a Brady violation. Specifically, defendant argues that the People failed to disclose (1) text messages between two police officers, (2) a call ticket, which noted the times that the officers arrived and left the victim's residence, and (3) initial notes made by Kristin Pulcher, a police officer involved in the investigation. Although the People concede that they failed to turn these items over and that said failure is a Rosario violation, they point out that defendant never requested an adverse inference charge or any other sanction during trial and that defendant was not prejudiced by the violations. As relevant here, "[a] Rosario violation will lead to reversal only if there is a reasonable possibility that nondisclosure contributed to the verdict" (People v Seecoomar, 174 AD3d 1154, 1158 [2019] [internal quotation marks and citations omitted]). Additionally, "to establish a Brady violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263 [2009]; see People v Auleta, 82 AD3d 1417, 1420 [2011], lv denied 17 NY3d 813 [2011]).
As to the text messages between the two police officers, both officers testified at trial and explained that pictures were sent from one officer to another without any accompanying text. At trial, defendant conceded that the People had disclosed the pictures early on in discovery. As such, defendant was not prejudiced because he already had the relevant information. As to the nondisclosure of Pulcher's initial notes, testimony at trial established that the notes were memorialized into her incident report. Defendant was in receipt of the incident report and extensively cross-examined Pulcher about the contents of that report; accordingly, defendant was not prejudiced by this nondisclosure (see People v Olsen, 126 AD3d 1139, 1141 [2015], lv denied 25 NY3d 1169 [2015]). As to the call ticket, which noted the times that officers arrived and left the victim's residence, defendant fails to articulate how this nondisclosure prejudiced him. In fact, the timing of the officers' arrival and departure from the victim's residence is completely irrelevant to defendant's alibi, as he had already been arrested by the time the officers searched the victim's home. Under these circumstances, the People's admitted nondisclosure of Rosario materials does not require reversal because there is not a reasonable possibility that the nondisclosure contributed to the verdict (see People v Auleta, 82 AD3d at 1421; People v Avery, 80 AD3d 982, 985 [2011], lv denied 17 NY3d 791 [2011]). Likewise, because no prejudice arose from the nondisclosure nor does the record establish that the nondisclosed materials were favorable to defendant, we do not find that the Rosario violations constitute Brady violations (see People v Capers, 129 AD3d 1313, 1316 [2015], lv denied 27 NY3d 994 [2016]; People v Auleta, 82 AD3d at 1421).
Defendant failed to preserve a challenge to Supreme Court's jury charge, as he made no objections to the charge at trial (see People v Sabines, 121 AD3d 1409, 1411-1412 [2014], lv denied 25 NY3d 1171 [2015]). Similarly, defendant's allegations of prosecutorial misconduct are largely unpreserved inasmuch as he failed to make any specific objections to the majority of the challenged conduct (see People v Sostre, 172 AD3d 1623, 1626-1627 [2019], lv denied 34 NY3d 938 [2019]). As to those comments by the prosecutor during the People's summation that defendant preserved by making an objection, we find that these comments were fair commentary on the evidence and the reasonable inferences to be drawn therefrom (see id. at 1627; People v Williams, 163 AD3d 1160, 1165 [2018], lvs denied 32 NY3d 1170, 1179 [2019]).
We find that defendant received meaningful representation. It is well established that "[a] claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Pitt, 170 AD3d 1282, 1286 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 1072 [2019]; see People v Sostre, 172 AD3d at 1627). To succeed on a claim of ineffective assistance of counsel, the defendant must show "the absence of strategic or other legitimate explanations for counsel's failure" (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Umana, 143 AD3d 1174, 1175 [2016], lv denied 29 NY3d 1037 [2017]). Contrary to defendant's contention, the record as a whole reveals that defense counsel provided meaningful representation despite the fact that he failed to object to the alleged prosecutorial misconduct, the admission of hearsay testimony and the People's leading questions, because the vast majority of those objections would have been unsuccessful (see People v Every, 146 AD3d 1157, 1166 [2017], affd 29 NY3d 1103 [2017]; People v Sabines, 121 AD3d 1409, 1412 [2014], lv denied 25 NY3d 1171 [2015]). Moreover, the record reveals that defense counsel "pursued a cogent trial strategy of challenging the credibility of the only eyewitness, made appropriate motions, vigorously cross-examined the People's witnesses and advanced [a] reasonable [alibi] defense[] in arguing that" defendant was home with his sister during the burglary (People v Every, 146 AD3d at 1166; see People v Sostre, 172 AD3d at 1627).
Lastly, defendant challenges the imposed sentence as harsh and excessive, alleging that Supreme Court impermissibly penalized him for exercising his right to trial. Defendant, however, failed to preserve this challenge, inasmuch as he did not object at sentencing to the disparity between the pretrial plea offer and the sentence imposed by the court (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]). In any event, "[w]hile the sentence imposed was greater than that offered to defendant during plea negotiations, there is nothing in the record establishing that he was punished for asserting his right to trial or that the lengthier sentence ultimately imposed was the result of vindictiveness or retaliation" (People v Alexander, 160 AD3d 1121, 1124 [2018], lv denied 31 NY3d 1144 [2018]). As such, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Planty, 155 AD3d 1130, 1135 [2017], lv denied 30 NY3d 1118 [2018]; People v Haskins, 121 AD3d at 1185). We have considered defendant's remaining contentions and find that they are lacking in merit.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant also alleges that he was not present when this amendment occurred. This allegation, however, is belied by the record.