People v Santana (2020 NY Slip Op 00325)





People v Santana


2020 NY Slip Op 00325


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

108814 109595

[*1]The People of the State of New York, Respondent,
v
David J. Santana, Appellant.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd of counsel), for respondent.



Lynch, J.
Appeals (1) from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 27, 2015, upon a verdict convicting defendant of the crimes of criminal sexual act in the second degree, sexual abuse in the second degree and endangering the welfare of a child, and (2) by permission, from an order of said court, rendered June 27, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with the crimes of criminal sexual act in the second degree, sexual abuse in the second degree and endangering the welfare of a child based on allegations that he engaged in sexual conduct with the 13-year-old victim. After a jury trial, defendant was convicted as charged. Defendant was sentenced, as a second child sexual assault felony offender, to a prison term of 10 years, to be followed by 10 years of postrelease supervision, for his conviction of criminal sexual act in the second degree, and to concurrent one-year terms for each of the remaining convictions. Thereafter, defendant moved to vacate the judgment of conviction on the basis that he was deprived of the effective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, defendant failed to preserve his unspecified claim on appeal that the verdict was legally insufficient by failing to make a timely, detailed motion for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Kelsey, 174 AD3d 962, 962 [2019], lv denied 34 NY3d 982 [2019]; People v Farnham, 136 AD3d 1215, 1215 [2016], lv denied 28 NY3d 929 [2016]). "However, a weight of the evidence challenge, which bears no preservation requirement, also requires consideration of the adequacy of the evidence as to each element of the crimes" (People v Madsen, 168 AD3d 1134, 1135 [2019] [internal quotation marks and citations omitted]; see People v McCollum, 176 AD3d 1402, 1403 [2019]). "When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and then[, if not,] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence. When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v Gill, 168 AD3d 1140, 1140-1141 [2019] [internal quotation marks and citations omitted]; see People v Hackett, 167 AD3d 1090, 1091-1092 [2018]).
As relevant here, the People had to establish that defendant, "being [18] years old or more, . . . engage[d] in oral sexual conduct . . . with [the victim who was] less than [15] years old" (Penal Law §?130.45 [1]), "subject[ed] [the victim] to sexual contact and when [the victim was] . . . [l]ess than [14] years old" (Penal Law §?130.60 [2]), and "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law §?260.10 [1]). Defendant contends that the verdict was not supported by the weight of the evidence because his testimony contradicted that of the victim. We are not persuaded.
The victim testified that she was born in 2000 and, at the time of the incident, resided with, among others, defendant. According to the victim, on the night of the incident, she woke up at 2:00 a.m. or 3:00 a.m. — which she knew from looking at the alarm clock — with defendant next to her bed sexually touching her. This encounter lasted a few seconds, after which the victim moved and defendant walked away. The victim stated that she could see defendant walk away. The victim further testified that she then went back to sleep and woke up later in the night to defendant kneeling next to her bed and engaging in oral sexual conduct. During this encounter, the victim could see defendant's head. The second encounter lasted a few minutes, and defendant left after the victim moved. The victim stated that on the day following the incident, she disclosed what happened to her cousin and a classmate and, shortly thereafter, to another classmate. The cousin confirmed that the victim told her that defendant had molested her. Further, the two classmates each testified that the victim told them that defendant had molested her and that they went with the victim to the nurse, where they told the nurse what had occurred. The nurse testified that the victim and two of her classmates came into her office and that she had a conversation with the victim. A detective testified that defendant made certain incriminating statements. In his testimony, defendant denied the allegations and provided various explanations for his presence in the victim's room on the night of the incident. Although the victim's account of the events differed from that of defendant, the victim was cross-examined and any aspect of their testimony that could have been perceived as inconsistent or improbable was fully explored and presented to the jury, which was entitled to credit her testimony (see People v Thiel, 134 AD3d 1237, 1239 [2015], lv denied 27 NY3d 1156 [2016]; People v Santiago, 118 AD3d 1163, 1165 [2014], lv denied 24 NY3d 964 [2014]). Although a different verdict would not have been unreasonable, when we view the evidence in a neutral light and defer to the jury's credibility determinations, we find that the verdict is supported by the weight of the evidence (see People v Saxe, 174 AD3d 958, 960 [2019]; People v Kelsey, 174 AD3d at 964-965; People v Horton, 173 AD3d 1338, 1340 [2019], lv denied 34 NY3d 933 [2019]).
Defendant next contends that County Court erred by admitting the testimonies regarding the victim's disclosure of sexual abuse. However, as defendant acknowledges, he failed to object to the statements and, thus, his contention is unpreserved (see People v Stearns, 72 AD3d 1214, 1218 [2010], lv denied 15 NY3d 778 [2010]). In any event, were this issue before us we would find that the cousin's and the classmates' testimonies regarding the victim's disclosure of sexual abuse shortly after the incident were properly admitted as prompt outcry evidence (see People v Hackett, 167 AD3d at 1094; People v Lapi, 105 AD3d 1084, 1088 [2013], lv denied 21 NY3d 1043 [2013]).
We reject defendant's contention that his counsel was ineffective. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Seecoomar, 174 AD3d 1154, 1158 [2019] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [Nov. 26, 2019]; see People v Bullock, 145 AD3d 1104, 1106 [2016]). Defendant contends that his counsel failed to provide meaningful representation because he withdrew the request for a Huntley hearing and failed to make a motion to preclude a videotaped interrogation of defendant and recorded telephone conversations. However, the record indicates that defendant denied the victim's accusations in both the interview and phone call, which coincided with defense counsel's trial strategy. As such, defendant failed to show absence of a strategic reason for defense counsel's conduct (see People v Lindsey, 172 AD3d 1764, 1767 [2019]; People v Umana, 143 AD3d 1174, 1175 [2016], lv denied 29 NY3d 1037 [2017]; People v Colburn, 123 AD3d 1292, 1297 [2014], lv denied 25 NY3d 950 [2015]). Defendant's additional claims — related to defense counsel's failure to make certain motions and objections — are also lacking in merit as "[t]here can be no denial of effective assistance of . . . counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Kelsey, 174 AD3d at 965). Overall, the record reflects that defense counsel presented a clear trial strategy, effectively cross-examined witnesses and made appropriate opening and closing statements and, thus, provided defendant with meaningful representation (see People v Seecoomar, 174 AD3d at 1158; People v Umana, 143 AD3d at 1176; People v Harvey, 96 AD3d 1098, 1101 [2012], lv denied 20 NY3d 933 [2012]).
We are also unpersuaded that defendant's sentence, which fell within the statutory parameters, was harsh or excessive. "Sentencing generally rests within the discretion of the trial court, and a legally permissible sentence will not be disturbed absent an abuse of the sentencing court's discretion or extraordinary circumstances" (People v Turner, 172 AD3d 1768, 1773 [2019] [internal quotation marks and citations omitted], lvs denied 34 NY3d 930, 939 [2019]; see People v Vega, 170 AD3d 1266, 1274 [2019], lv denied 33 NY3d 1074 [2019]). Given defendant's criminal record, the reprehensible nature of his behavior with a young victim and his inability to take responsibility for his actions, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Kelsey, 174 AD3d at 966; People v Horton, 173 AD3d at 1342). To the extent that defendant contends that he was penalized for exercising his right to trial because he received a sentence that was harsher than what was offered during plea negotiations, this argument is not preserved (see People v Williams, 163 AD3d 1160, 1165 [2018], lvs denied 32 NY3d 1170, 1179 [2019]). In any event, the record discloses no vindictiveness on the part of County Court in arriving at the sentence, and "the mere fact that [the] sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof positive that the defendant was punished for asserting his . . . right to trial" (People v Flower, 173 AD3d 1449, 1458 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 931 [2019]; see People v Massey, 45 AD3d 1044, 1048 [2007], lv denied 9 NY3d 1036 [2008]).
Turning to the appeal from the order denying the CPL 440.10 motion, we reject defendant's contention that County Court erred in denying the motion without a hearing. "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People v Hunter, 175 AD3d 1601, 1603 [2019] [internal quotation marks and citations omitted]; see People v Vargas, 173 AD3d 1466, 1468 [2019], lv denied 34 NY3d 955 [2019]). Defendant contends that he was deprived of the effective assistance of counsel because defense counsel failed to present evidence — a physical examination of the victim that showed that "no physical evidence of blunt force penetrating trauma" — to counter the allegations against him. However, proof of physical injury is not required for defendant's convictions (see Penal Law §§ 130.45 [1]; 130.60 [2]) and, further, the evidence would not have contradicted the victim's claims because the victim testified that defendant inappropriately touched her and did not accuse defendant of any blunt force penetration. Thus, defense counsel had a legitimate explanation for his conduct. In light of the foregoing, County Court properly denied defendant's CPL 440.10 motion without a hearing, as defendant "did not support his claim of ineffective assistance of counsel with factual allegations that, if established, would entitle him to relief" (People v Flower, 173 AD3d at 1458; see People v Werkheiser, 171 AD3d 1297, 1306 [2019], lv denied 33 NY3d 1109 [2019]; People v Nelson, 171 AD3d 1251, 1256 [2019]).
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.