People v Sanchez (2021 NY Slip Op 04581)





People v Sanchez


2021 NY Slip Op 04581


Decided on July 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 29, 2021

111723
[*1]The People of the State of New York, Respondent,
v
Pedro Sanchez, Appellant.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Theodore J. Stein, Woodstock, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Joseph T. Murphy of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered January 18, 2019, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree.
In December 2017, a state trooper conducted a traffic stop of defendant's vehicle, followed by a consent and canine sniff search that disclosed marihuana, heroin and paraphernalia associated with drug sales in the vehicle. Defendant was charged with two counts of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.[FN1] After County Court denied defendant's motion to suppress the evidence found in the vehicle, a jury trial ensued, after which defendant was convicted as charged. County Court thereafter sentenced defendant to concurrent prison terms of eight years for each conviction of criminal possession of a controlled substance in the third degree, to be followed by one year of postrelease supervision, and to a lesser concurrent prison term on the remaining conviction. Defendant appeals.
Defendant contends that County Court erred in denying his suppression motion, because the search of his vehicle was not based on probable cause and the canine sniff search exceeded the bounds of his consent to search. At the suppression hearing, the state trooper testified that at approximately 6:00 p.m. on December 1, 2017, while stopped on the on ramp of an exit on Interstate 86 in Chemung County, he observed an SUV, later determined to be operated and owned by defendant, traveling at 90 miles per hour and, as he pursued the vehicle, "swerving violently in and out of the passing lane." "[The vehicle] maintained the passing lane, exited and went over the white line multiple times," at which point the trooper conducted the traffic stop. He approached the vehicle, obtained defendant's driver's license and observed two passengers, in the front passenger seat and rear seat, later determined to be defendant's son and a close family friend, respectively. The trooper testified that, as a result of the speeding and violent swerving, he asked defendant to step out of the vehicle so he could talk to him and ascertain if he was under the influence of drugs or alcohol. As they were walking to the back of defendant's vehicle, the trooper radioed for routine backup. A sheriff's deputy and his canine partner, followed by other state troopers, responded. The trooper testified that during defendant's field interview, defendant stated that he was traveling from Brooklyn to the Town of Corning, Steuben County to see a woman and stated that he was not on any drugs and had not been drinking.
While the deputy remained with defendant, the trooper then approached the passenger side of the vehicle and spoke to the front seat passenger, who identified himself as defendant's son. The son stated that they were [*2]traveling from Brooklyn to Corning to see a male friend. The trooper confirmed that the son's account of whom they were traveling to see was different than the account provided by defendant, and further testified that "they had no address or any sort of physical location they were going to." The trooper stated that, at that point, he "smell[ed] a strong odor of mari[h]uana coming from within the vehicle." After the trooper mentioned the odor, defendant's son admitted that he was in possession of a small bag of marihuana and had been smoking marihuana in the vehicle. The trooper testified that, knowing he had probable cause to search the vehicle, he went behind the vehicle and asked defendant for consent to search the vehicle, which, he testified, was given.
The deputy's canine partner performed a sniff search that indicated heavily on the center console area and the back trunk area of the vehicle, which signified that drugs were present. The trooper then conducted a thorough search of the vehicle and found nine packets of a 10-pack "deck" of heroin between the driver seat and the center console, two large bags of white powder and "two bricks" of heroin hidden in the back of the center console, and one "spent" packet of heroin and a straw on defendant's person. A small bag of marihuana was also found in the son's pants pocket. After the search, all three occupants of the vehicle were placed under arrest and transported separately to the State Police barracks. Defendant was read his Miranda rights and ultimately took sole responsibility for all the drugs found in the vehicle.
We reject defendant's contention that the search of his vehicle was unlawful. We note initially that defendant does not challenge the trooper's authority to stop the vehicle and detain him for a field interview. As to the ensuing canine search and thorough search that followed, "[i]t is well established that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle" (People v Hines, 172 AD3d 1649, 1651 [2019] [internal quotation mark, brackets and citations omitted], lv denied 34 NY3d 951 [2019]; see People v Dolan, 165 AD3d 1499, 1500 [2018]; People v Cuffie, 109 AD3d 1200, 1201 [2013], lv denied 22 NY3d 1087 [2014]).[FN2] The trooper testified that he received training at the State Police academy, which included "some training in drug recognition." Although the trooper's testimony as to his training and experience was minimal, his detection was confirmed by the son's admission that "he had some marihuana on him and that he had been smoking in the vehicle" prior to the stop. The smell of marihuana and the son's admission provided probable cause to search the vehicle and its contents (People v Jones, 190 AD3d 1013, 1016 [2021], lv denied 36 NY3d 1098 [2021]; see People v Sostre, 172 AD3d 1623, 1624 [2019], lv denied 34 NY3d 938 [2019[*3]]; People v Francois, 138 AD3d 1165, 1166 [2016]).
In addition, the conflicting accounts offered by defendant and his son, and their inability to provide a destination, provided the trooper with a separate basis, i.e., a founded suspicion that criminal activity was afoot so as to justify the request for defendant's consent to search the vehicle (see People v Sanders, 185 AD3d 1280, 1282 [2020], lv denied 35 NY3d 1115 [2020]). In reaching this conclusion, "great weight is accorded [County] [C]ourt's determination at a suppression hearing and, absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous, its determinations are generally not disturbed" (People v Rudolph, 170 AD3d 1258, 1259 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 937 [2019]). To the extent that defendant challenges the canine search as being beyond the scope of his consent, such contention is irrelevant in light of our determination that probable cause existed to search the vehicle. In any event, defendant's contention is unpreserved for our review inasmuch as it is raised for the first time on appeal.
Defendant next raises a litany of errors by defense counsel that he claims deprived him of the effective assistance of counsel. The record reflects that, on the third day of trial, the deputy, who did not testify at the suppression hearing, was unexpectedly called as a witness by the People. For the first time, defense counsel discovered that the deputy was wearing a body camera during the incident and he had written a case report subsequent to defendant's arrest. According to defendant, counsel was ineffective for failing to obtain the body camera footage before it was erased, failing to seek an adjournment of the trial or failing to move to reopen the suppression hearing to call the deputy as a witness and conduct an effective cross-examination.
To establish a claim of ineffective assistance of counsel, a defendant is required "to come forward with proof that the attorney failed to provide meaningful representation and that there was no strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Green, 190 AD3d 1094, 1100-1101 [2021] [internal quotation marks, brackets and citations omitted], lv denied 36 NY3d 1097 [2021]; see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Santana, 179 AD3d 1299, 1302 [2020], lv denied 35 NY3d 973 [2020]). "This standard is not amenable to precise demarcation and necessarily hinges upon the facts and circumstances of each particular case. A reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. In short, the Constitution guarantees a defendant a fair trial, not a perfect one" (People v Porter, 184 AD3d 1014, 1019 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1069 [2020]).
Initially, we are [*4]unpersuaded by defendant's contention that counsel was ineffective for failing to move to reopen the suppression hearing. Such motion is generally denied "absent exceptional circumstances" (People v Cook, 34 NY3d 412, 417 [2019], and "[defense] counsel cannot be ineffective for failing to advance an argument that has little or no chance of success" (People v Williams, 35 NY3d 24, 45 [2020]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Rose, 185 AD3d 1228, 1232 [2020], lv denied 35 NY3d 1115 [2020]). The record reveals that defense counsel properly requested a Huntley/Mapp hearing to address, among other things, whether probable cause existed to search the vehicle, adequately cross-examined the People's witnesses and contested the sufficiency of the evidence establishing probable cause for the search. In addition, counsel successfully requested a jury instruction concerning spoliation of evidence relating to the unavailability of the body camera recording. Counsel also presented cogent opening and closing statements and engaged in thorough cross-examination of each witness. In these circumstances, we find that defendant was provided with meaningful representation (see People v Caban, 5 NY3d at 152; People v Santana, 179 AD3d at 1302; People v McCoy, 169 AD3d 1260, 1265 [2019], lv denied 33 NY3d 1033 [2019]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was initially charged with a third count of criminal possession of a controlled substance in the third degree, but this count was dismissed prior to trial.

Footnote 2: Although not applicable to this case, we note that the Marijuana Regulation and Taxation Act was signed into law on March 31, 2021 — adding article 222 to the Penal Law — that, among other things, legalized the purchase, use and possession of cannabis for individuals 21 years of age or older subject to certain restrictions (see Penal Law § 222.05 [1] [a], [c]; L 2021, ch 92). Under this legislation, the odor of burnt cannabis no longer provides reasonable cause to believe that a crime has been committed unless a law enforcement officer is investigating whether a person is operating a motor vehicle, vessel or snowmobile while impaired by drugs, alcohol or a combination thereof, including cannabis (see Penal Law § 222.05 [3], [4]; Vehicle and Traffic Law §§ 114-a; 1192 [4]). Even during such investigations, "the odor of burnt cannabis shall not provide probable cause to search any area of a vehicle that is not readily accessible to the driver and reasonably likely to contain evidence relevant to the driver's condition" (Penal Law § 222.05 [4]).